IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 10, 2001 Session

# YONA BOYD, ET AL. v. PRIME FOCUS, INC., ET AL.

**Direct Appeal from the Chancery Court for Davidson County**
**No. 99-3716-II     Carol L. McCoy, Chancellor**

_____

**No. M2000-02105-COA-R3-CV - Filed December 5, 2001**

_____

This case began as a dispute between the plaintiffs and their employers.  The defendant was awarded summary judgment, and plaintiffs were sanctioned by the court pursuant to Rule 11 of the Tennessee Rules of Civil Procedure.  Plaintiffs now appeal this sanction.  We affirm sanctions but modify the order.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed as Modified; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY K. LILLARD, J., joined.

David E. Danner, Nashville, Tennessee, for the appellants, Yona Boyd and Brenda Collier.

Thomas L. Whiteside, Nashville, Tennessee, for the appellees, Prime Focus, Inc., Donald Bruce, M.D. and D&C Property Management Corp.

## OPINION

This dispute originated in August of 1999, when Plaintiffs/Appellants ("Plaintiffs") filed suit in Chancery Court for Davidson County against Donald Bruce, M.D. ("Dr. Bruce") and D&C Property Management Corp. ("D&C") alleging breach of employment contract.  For simplicity, we shall refer to this as "Boyd I."  In response, Dr. Bruce and D&C filed a motion to dismiss for failure to state a claim and failure to join an indispensable party.  The claim was heard on November 19, 1999, and the trial court found that no employer-employee relationship existed between the parties, and that an employer-employee relationship did exist between the Plaintiffs and Prime Focus, Inc.[1]

_____

[1] The trial court based this finding on the employment handbook which Plaintiffs attached to their complaint. The court's order stated: "The Trial Court after taking all of the factual allegations contained in the Complaint as true and construing the Complaint liberally in favor of the plaintiffs, the court finds, based upon the plaintiffs['] allegations

(continued...)

Accordingly, on December 8, 1999, the trial court granted the motion to dismiss for failure to state a claim and failure to join an indispensable party. Plaintiffs did not appeal this order.

Plaintiffs next filed suit in chancery court against Prime Focus, Inc. ("Prime Focus") in December of 1999, which we shall refer to as "Boyd II.." In February of 2000, Prime Focus filed a Tenn. R. Civ. P. 12.02(6) motion to be considered a motion for summary judgment under Rule 56, arguing that Plaintiffs were employed by Dr. Bruce and D&C. The trial court denied this motion for failure to comply with Tenn. R. Civ. P. 56.03, but stated that Prime Focus could still file a motion for summary judgment. The trial court ultimately granted summary judgment to Prime Focus on June 6, 2000.

During the course of litigation in Boyd II, the question again arose as to whether the Plaintiffs were actually employed by Prime Focus or by Dr. Bruce and D&C. Plaintiffs thus filed a motion for leave to join Dr. Bruce and D&C as indispensable parties on February 25, 2000, and filed an amended complaint on March 10, 2000, to include Dr. Bruce and D&C. Prime Focus did not respond to the motion, and it was therefore granted on March 22, 2000. We note, however, that leave to amend had not yet been granted by the court when Plaintiffs in fact filed the amended complaint.[2] Dr. Bruce and D&C responded through counsel to Plaintiffs' counsel, advising him that the complaint against Dr. Bruce and D&C was unwarranted due to the court's action in Boyd I, where Plaintiffs' cause of action was dismissed for failure to state a claim. This response notified Plaintiffs that Dr. Bruce and D&C would seek sanctions pursuant to Tenn. R. Civ. P. 11 if the amended complaint was not withdrawn.[3] The complaint was not withdrawn, and in May of 2000, Dr. Bruce and D&C filed a Rule 11 motion for sanctions against Plaintiffs, Plaintiffs' counsel or both. Dr. Bruce and D&C moved that the complaint against them be dismissed per the decision in Boyd I, and requested expenses and attorney's fees.

The issue of sanctions was heard by the trial court on June 2, 2000. After hearing arguments by counsel for both parties, and after reviewing the entire records of Boyd I and Boyd II, the court ordered that the amended complaint of March 10, 2000, joining Dr. Bruce and D&C, be stricken

---

[1](...continued)
contained in ¶ 5 of the Complaint and the document attached to Plaintiffs['] complaint as attachment one, finds that the employer-employee relationship was governed by the document which plaintiffs relied upon in their Complaint. Said document unequivocally establish[es] the existence of an employer-employee relationship by and between the named plaintiffs and Prime Focus, Inc."

[2]The Tennessee Rules of Civil Procedure permit a party to amend his complaint once without leave of the court if no responsive pleading has yet been served by the opposing party. Once a responsive pleading has been served, however, the party must secure written agreement from the opposing party or leave of the court to amend. Leave to amend is liberally granted. Tenn. R. Civ. P. 15.01.

[3]Rule 11.03 provides that sanctions may be initiated by motion of a party or on the initiative of the court. When made by motion, the motion must be served as provided in Rule 5, but may not be filed with the court until 21 days after service, providing the party against whom it is served opportunity to make appropriate corrections before consideration by the court. Tenn. R. Civ. P. 11.03(1)(a), (b).

from the record. The court further granted the motion for sanctions, and awarded Dr. Bruce and D&C $1,337.50 in attorney's fees and expenses. It is this order which Plaintiffs now appeal.

The issue in this case, as we perceive it, is whether the trial court erred by imposing Rule 11 sanctions on the Plaintiffs.

Our review of the trial court's ruling on a Rule 11 motion is under an abuse of discretion standard. *Krug v. Krug*, 838 S.W.2d 197, 205 (Tenn. Ct. App. 1992). An abuse of discretion occurs when the decision of the lower court has no basis in law or fact and is therefore arbitrary, illogical, or unconscionable. *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 191 (Tenn. 2000). Our review of Rule 11 decisions is governed under this deferential standard since the question of whether a Rule 11 violation has occurred requires the trial court to make highly fact-intensive determinations regarding the reasonableness of the attorney's (and client's) conduct. *Krug*, 838 S.W.2d at 205. We review the trial court's findings of fact with a presumption of correctness. Tenn. R. App. P. 13(d).

When an attorney signs a motion, document, or other paper submitted to the court, he certifies to the court that he has read it, that he has reasonably inquired into the facts and law it asserts, that he believes it is well-grounded in both fact and law, and that he is acting without improper motive. *Andrews v. Bible*, 812 S.W.2d 284, 287 (Tenn. 1991). The purpose of Rule 11 sanctions is to emphasize to the attorney that his signature is not meaningless, but conveys a message to the court for which he alone is responsible. *Andrews*, 812 S.W.2d at 288. Rule 11 establishes that an attorney who signs such a paper without the required belief is subject to appropriate sanction by the court. *Id.* It has been characterized by this State's Supreme Court as a "potent weapon that can and should be used to curb litigation abuses." *Id.* at 292. However, our Supreme Court has cautioned that while trial courts should impose sanctions when a Rule 11 violation is found, it should do so only with the utmost care. *Id.* Such sanctions may include payment of the opposing party's legal expenses. *Id.* at 288.

The Tennessee Supreme Court has established the standard for determining whether an attorney's conduct is sanctionable under Rule 11 as one of objective reasonableness under the circumstances. *Id.* The reasonableness of the attorney's belief must be evaluated in light of the circumstances as they existed when the document was signed. *Id.* Sanctions are appropriate when an attorney submits a motion or other paper on grounds which he knows or should know are without merit, and a showing of subjective bad faith is not required. *Alside Supply Center of Knoxville v. Smith Heritage Siding Co.*, No. 03A01-9702-CH-00069, 1997 WL 414982, at *2 (Tenn. Ct. App. July 25, 1997) (*no perm. app. filed*). When assessing whether a Rule 11 violation has occurred, the trial court should consider all circumstances bearing on the reasonableness of the attorney's conduct, including his experience and past performance and the general standards of conduct of the bar, and whether his actions were the result of neglect, willfulness, incompetence or deliberate choice. *Andrews*, 812 S.W.2d at 293, FN4.

In imposing sanctions in this case, the trial court found that the doctrine of *res judicata* barred Plaintiffs from pursing their claims against Dr. Bruce and D&C in Boyd II. *Res judicata* bars a second suit between parties or their privies on the same claim. It precludes a second suit with respect to all issues which were or which could have been litigated in the first action. *Hampton v. Tennessee Truck Sales, Inc*., 993 S.W.2d 643, 645 (Tenn. Ct. App. 1999). The doctrine applies only to final judgments on the merits. *See id.* An order granting a Tenn. R. Civ. P. 12.02(6) motion to dismiss for failure to state a claim upon which relief can be granted is an adjudication on the merits. *Dyer v. Intera Corp.*, 870 F.2d 1063, 1066 (6th Cir. 1989). A dismissal for failure to join an indispensable party, however, does not act as an adjudication upon the merits. *Id.*; ROBERT BANKS, JR., ET AL., TENNESSEE CIVIL PROCEDURE §11-5(b) (1999). It is within the discretion of the trial court to specify that a claim has been dismissed without prejudice, or that the dismissal shall not operate as an adjudication on the merits. *Id*. §11-5(b). If the order of the trial court dismissing an action for failure to state a claim does not specify that it is without prejudice or that it should not operate as an adjudication on the merits, the order should be treated by the enforcing court as an adjudication on the merits. *Id.*

On appeal, Plaintiffs argue that the doctrine of *res judicata* does not apply to the trial court's order of December 1999, which granted Dr. Bruce and D&C's motion to dismiss in Boyd I. Plaintiffs contend that the only issue addressed in the order in Boyd I was the question of the appropriate party. Accordingly, Plaintiffs submit that the decision was not a decision on the merits or a final adjudication, but a procedural order which allowed the cause of action to survive.

We cannot agree with this argument. In its order in Boyd I, the trial court specifically found: 1) Plaintiffs' claims were dependent on the existence of an employer-employee relationship between the Plaintiffs and Defendant; 2) that an employer-employee relationship existed between Plaintiffs and Prime Focus; 3) that Prime Focus was an indispensable party to the claim; and, 4) that no employer-employee relationship existed between Plaintiffs and Dr. Bruce and D&C. The trial court thus granted the motion to dismiss for failure to state a claim, as well as for failure to join an indispensable party. This was not a procedural order, nor did the court specify that it was not to be considered an adjudication on the merits. We read the order as plainly granting the motion to dismiss for failure to state a claim. Since it was not appealed, this order became a final judgment 30 days after entry. Tenn. R. Civ. P. 59.02; *see Jerkins v. McKinney*, 533 S.W.2d 275 (Tenn. 1976). Once this order became final, the doctrine of *res judicata* operated to bar Plaintiffs from asserting a claim against Dr. Bruce and D&C which was or which could have been litigated in the first action. Clearly, the question of whether an employer-employee relationship existed between the parties not only could have been but in fact was an issue resolved in Boyd I.

Plaintiffs further assert that even if *res judicata* did apply, the trial court's subsequent orders in Boyd II essentially nullified what Plaintiffs characterize as the "procedural order" in Boyd I. We cannot agree with this contention. The order in Boyd I was not procedural. It did not grant Dr. Bruce's and D&C's motion to dismiss only for failure to join an indispensable party, but also for failure to state a claim upon which relief can be granted. Plaintiffs' proper course of action would have been to appeal the order in Boyd I, not to merely reassert the claim in Boyd II.

Plaintiffs also argue that Dr. Bruce and D&C should have raised *res judicata* as an affirmative defense, rather than using it as the basis for sanctions. Plaintiffs assert that Rule 11 was used as a "scare tactic . . . with the complicity of a court that was willing to shift blame to appellants and their counsel for its own prior error . . . ." Regardless of how the Rule 11 "tactic" was used by opposing party, a Rule 11 sanction is imposed by the court at its informed discretion based on an examination of the facts and history of the case in question. We suggest that if Plaintiffs believed the court's action in Boyd I to be in error, Plaintiffs should have appealed that action in a timely manner pursuant to Tenn. R. App. P. 3. Plaintiffs cannot fail to appeal and then simply reassert the same claim in a later action. Whether the court erred in dismissing the claim in Boyd I, and we do not suggest that it did so err, Plaintiffs' remedy is to appeal, not to seek an end-run around the rules by raising a claim they know or reasonably should know is *res judicata*.

Plaintiffs' final assertion is that the court in Boyd II erred when it found that Plaintiffs failed to secure leave of the court before amending their complaint against Prime Focus to join Dr. Bruce and D&C. As we understand it, Plaintiffs assert that they were not required to seek leave of the court to amend their complaint because, although an answer had been filed by Prime Focus, no answer had been filed by Dr. Bruce and D&C, to whom the amendments applied. This argument is without merit and reflects Plaintiffs' misreading of the rules. Tenn. R. Civ. P. 15.01 permits a party to amend his complaint once as a matter of course before a responsive pleading is served. Once a responsive pleading has been filed by the named opposing party, that party's written consent or leave of the court is required for later amendments. *See* ROBERT BANKS, JR., ET AL., TENNESSEE CIVIL PROCEDURE, § 5-7(d) (1999). Since the defendant in Boyd II, Prime Focus, had filed an answer, leave of the court was required for Plaintiffs to amend their complaint. The record shows that Plaintiffs improperly filed their amendment on March 10, 2000, before obtaining leave of the court to do so.

In light of the foregoing, we must determine whether the trial court abused its discretion in imposing Rule 11 sanctions on Plaintiffs in its July 2000 order. The court ordered sanctions after finding that Plaintiffs failed to comply with Rule 15, in that Plaintiffs did not obtain leave of the court before amending their complaint in Boyd II. The court further found that the December order in Boyd I clearly granted Dr. Bruce and D&C's motion to dismiss, and that the doctrine of *res judicata* therefore barred Plaintiffs from asserting the same claim against Dr. Bruce and D&C in a subsequent case. Plaintiffs were properly notified that Dr. Bruce and D&C would seek sanctions, and were given the opportunity to withdraw their claim as required by Tenn. R. Civ. P. 11.03. Considering the circumstances as they existed at the time Plaintiffs filed their amended complaint joining Dr. Bruce and D&C, Plaintiffs' counsel should have known that the December order in Boyd I, which Plaintiffs failed to appeal, was a final judgment on the merits and thus precluded litigation of the same claim against the same parties in Boyd II. Plaintiffs' counsel also should have known that leave of the court was required before the amended complaint could be filed. We therefore do not find that the trial court abused its discretion in imposing Rule 11 sanctions.

While we affirm the imposition of sanctions, we modify the trial court's order to the extent that judgment was awarded against Plaintiffs. The trial court's order states, "IT IS FURTHER

ORDERED, ADJUDGED AND DECREED that the defendants, Donald Bruce, M.D. and D&C Property Management Corp., Inc., are awarded a [judgment] against plaintiffs in the amount of One Thousand Three Hundred Thirty-Seven Dollars ($1,337.50) and Fifty Cents, for which execution may issue if necessary." We modify this order and award judgment against Plaintiffs' counsel, David Danner, rather than against Plaintiffs in this cause of action.

Dr. Bruce and D&C requested this Court to regard this appeal as frivolous. We decline to do so.

The order of the trial court is affirmed as modified in this opinion. Costs of this appeal are taxed to the Appellants' counsel, David E. Danner, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE