IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 11, 2005 Session

## LOUIS HUDSON ROBERTS v. MARY ELIZABETH TODD ROBERTS

**Appeal from the Circuit Court for Davidson County**
**No. 01D-1275     Muriel Robinson, Judge**

_____

**No. M2004-00162-COA-R3-CV - Filed May 10, 2005**

_____

This is an appeal by the former wife from the denial of her Tennessee Rule of Civil Procedure 60.02 Motion to Strike or Modify a Marital Dissolution Agreement relative to marital property.  We modify and affirm the action of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed as Modified and Remanded**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and FRANK G. CLEMENT, JR., J., joined.

Connie Reguli, Brentwood, Tennessee, for the appellant, Mary Elizabeth Todd Roberts.

Jon S. Jablonski, Nashville, Tennessee, for the appellee, Louis Hudson Roberts.

**OPINION**

In order to properly consider this appeal, it is necessary to recite the chronology of events occurring in this case and in a related case running an essentially simultaneous course in the Chancery Court of Davidson County.

Louis Hudson Roberts ("Husband") and Mary Elizabeth Todd ("Wife") were divorced in the Circuit Court of Davidson County on February 28, 2002.  The Marital Dissolution Agreement approved by the trial court provided in pertinent part: "Wife shall have sole and exclusive use and possession of the marital residence until such time as it is sold, either by agreement of the parties or by Order of the Court."

The only child of the parties, born October 29, 1984, became emancipated by operation of law in 2002.

On March 21, 2003, Husband filed a Complaint for Partition in the Chancery Court of Davidson County seeking sale of the marital residence and distribution of net proceeds.  Wife did

not retain an attorney, and, on May 2, 2003, Husband filed a Motion for Default Judgment in the partition action. Default judgment was granted on June 5, 2003, and the Chancellor referred the case to the clerk and master to determine ownership interest, encumbrances, and the manner of sale. On June 30, 2003 the parties attended a hearing before the master where Wife appeared unrepresented by counsel. At that hearing, Wife expressed her belief that she was entitled to the marital residence as a part of her divorce settlement, but still declined to retain an attorney. The master filed her report on July 2, 2003. Wife then retained counsel, and on July 11, 2003, filed a Motion to Set Aside the default judgment pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure. No objections were filed to the July 2, 2003 report of the master, and on August 12, 2003, the Chancellor entered an Order confirming the master's report. On September 12, 2003, the Chancellor entered an Order refusing to set aside the default judgment and denying Wife's Rule 60.02 Motion. Wife appealed the Chancery Court action in the partition case. *See Roberts v. Todd*, No. M2003-02594-COA-R3-CV, 2004 WL 2964717 (Tenn. Ct. App. Dec. 21, 2004).

On September 19, 2003 Wife filed in Circuit Court, in the case at bar, her Petition to Strike or Modify Marital Dissolution Agreement and Other Relief. On October 23, 2003, Husband filed his Motion to Dismiss Petition to Strike or Modify Marital Dissolution Agreement and Other Relief. This Motion to Dismiss was predicated upon the assertion that the Final Divorce Decree of February 28, 2002, was final and not modifiable as to matters other than child support, custody and visitation. On November 14, 2003, Husband filed his Motion for the imposition of Tennessee Rule of Civil Procedure 11 sanctions. On November 17, 2003, Wife filed her Amended Petition to Strike or Modify Marital Dissolution Agreement and Other Relief along with her Response to Motion to Dismiss "Petition to Strike or Modify Marital Dissolution Agreement and Other Relief" and Motion to Rule 11 Sanctions. On November 24, 2003, Husband filed a Motion to Dismiss the Amended Petition of Wife asserting that "the Petition and the Amended Petition were filed after the expiration of one year from the entry of the Final Decree of Divorce. T.R.C.P. 60.02 requires that the motion be filed within one year after the order was entered." With this Motion to Dismiss, the attorney for Husband filed his Affidavit for Attorney's Fees in the amount of $3,220.

Following a hearing in Circuit Court on December 5, 2003, the trial court entered its Order of December 18, 2003, dismissing Wife's Petition and Amended Petition and holding:

> [T]he court finds that the parties were divorced on (sic) by Order entered February 28, 2002, which Order is final; that the Petition and the Amended Petition filed in this action are not timely filed pursuant to Rule 60.02 and, even if they were timely filed, the Petition and the Amended Petition filed in this action fail to state a claim for which relief may be granted and they should subsequently be dismissed with prejudice; and that Rule 11 Sanctions are not appropriate, but because the Petitions filed by the Petitioner had absolutely no chance of success and the Respondent had to file the Motions to Dismiss in order to enforce the Marital Dissolution Agreement, he is entitled to his reasonable attorney's fees for these motions.
>
> It is therefore **ORDERED, ADJUDGED,** and **DECREED** that the "Petition to Strike or Modify Marital Dissolution Agreement and Other Relief" and the

"Amended Petition to Strike or Modify Marital Dissolution Agreement and Other Relief" which were filed by the Petitioner, Mary Elizabeth Todd, are dismissed with prejudice.

It is further ORDERED that the Respondent, Louis Hudson Roberts, is awarded his reasonable attorney's fee in the amount of *$1,250.00*, which is a judgment against the Petitioner, Mary Elizabeth Todd, for which execution may issue if necessary.

It is further ORDERED that the costs of these petitions are taxed to the Petitioner, Mary Elizabeth Todd, for which execution may issue if necessary.

Wife filed a timely notice of appeal.

On December 24, 2004 this Court entered its judgment on the appeal of the Chancery Court action for partition. *See Roberts v. Todd*, 2004 WL2964717. This Court affirmed the action of the trial court in declining to set aside the default judgment in the partition action and upheld the subject matter jurisdiction of the Chancery Court of Davidson County as to the partition action.

As held by the trial court in the case at bar, this Petition to Amend the Marital Dissolution Agreement had no chance of success from the time it was belatedly filed. Wife's dilatory inaction in the partition suit brought about her problems in the first place. When the trial court in the partition action, on September 12, 2002, refused to set aside the default judgment and denied her Rule 60.02 Motion for Relief from that judgment, she then attempted, on September 19, 2003, to try the Tennessee Rule of Civil of Procedure 60.02 route in the Circuit Court wherein the divorce had been granted. Two formidable problems simply barred the way to reopen issues in the divorce court. First, the divorce decree of February 28, 2002, had long been final, and no appeal had been taken therefrom. As to property matters involved in the Marital Dissolution Agreement, such are not modifiable once the Decree has become final. *Penland v. Penland*, 521 S.W.2d 222 (Tenn. 1975). Second, Tennessee Rule of Civil Procedure 60.02 provides in pertinent part:

— On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . . . The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

Tenn. R. Civ. P. 60.02(1) & (2).

The provision of the Marital Dissolution Agreement relative to the marital residence is plain and unambiguous. "Wife shall have sole and exclusive use and possession of the marital residence until such time as it is sold, either by agreement of the parties or by Order of the Court." Whatever

relief Wife may have been able to achieve in the trial court because of matters leading up to the execution of the Marital Dissolution Agreement involving either excusable neglect or intrinsic or extrinsic fraud were matters known to the wife at the time the divorce decree was entered on February 28, 2002. She had one year under Rule 60.02(1) and (2) within which to act for such reasons. The fact that Husband waited until March 21, 2003 to file the Chancery Court partition suit does not detract from the fact that Wife had full knowledge of the sale provisions of the Marital Dissolution Agreement, to which she had expressly agreed at the hearing that resulted in the February 28, 2002 Final Decree of Divorce. Whatever relief she might have accomplished by timely defense of the partition action in the Chancery Court is not a matter for our consideration. *Penland* and its progeny have established a well settled rule for the last 30 years.

The broad powers granted under Tennessee Rule of Civil Procedure 60 cannot be used to relieve a party from free, calculated and deliberate choices he or she has made. The trial court in this case certainly did not abuse its discretion in denying the Rule 60.02 Motion. *Day v. Day*, 931 S.W.2d 936 (Tenn. Ct. App. 1996). The judgment of the trial court in denying the Tennessee Rule of Civil Procedure 60.02 Motion is affirmed.

The record is not clear as to the trial court's award of attorney's fees to Husband. Counsel for Husband filed a Motion for Tennessee Rule of Civil Procedure 11 Sanctions against both Wife and her attorney. In the Final Order of December 18, 2003, it is provided:

> It is further ORDERED that the Respondent, Louis Hudson Roberts, is awarded his reasonable attorney's fee in the amount of *$1,250.00*, which is a judgment against the Petitioner, Mary Elizabeth Todd, for which execution may issue if necessary.

While the transcript of proceedings of December 5, 2003 discloses only a discussion of Rule 11 Sanctions, the Order of December 18, 2003 bases the award of attorney's fees only on paragraph IX of The Marital Dissolution Agreement. This paragraph provides: "In the event of one party's breach of any of the terms of this Agreement, the breaching party shall be responsible for all reasonable expenses incurred in enforcing this Agreement and remedying the breach, including, but not limited to. (sic) Court costs, attorney's fees and travel costs."

At the hearing of December 5, 2003, resulting in the December 18, 2003 Order, the following occurred relative to attorney's fees:

> MR. JABLONSKI: Your Honor, I've got some motions for Rule 11 sanctions, as well. And I'd ask for my attorney's fees under Rule 11.
>
> THE COURT: What are your attorney's fees?
>
> MR. JABLONSKI: Up until this morning, it was 13 hours, and I've been here since nine-o'clock this morning.

THE COURT: Draw an order, leave a blank in it in (sic), file an affidavit.

MR. JABLONSKI: And can I submit some proposed findings of facts for that order?

THE COURT: You can do that.

MR. JABLONSKI: Thank you, Your Honor.

THE COURT: This is ridiculous, Ms. Reguli.

MS. REGULI: Well, Your Honor, there's two different things that have – – that have occurred in Chancery as well as in Circuit, so I would just ask that his attorney's fees be – –

MR. JABLONSKI: It's limited to this action, Your Honor.

THE COURT: All right.

MR. JABLONSKI: Is it attorney' fees against Ms. Reguli or against Ms. Roberts – – Ms. Roberts; the attorney the client?

THE COURT: The client.

MR. JABLONSKI: Okay.  Thank you.

THE COURT: If it's – – if it's sanctions involved, which I haven't really sanctioned her – – But, you know, you ought – – you ought to review these things and weigh whether or not it's going to be economically advisable to your client to pursue things that are not going to happen.

Husband complains on appeal that he should have been awarded his entire attorney's fees of $3,220 and that Rule 11 Sanctions should have been imposed upon counsel for Wife.  The trial court offers no reason as to why Rule 11 Sanctions were not imposed or as to why the full amount of undisputed attorney's fees were not awarded to Husband.  After commenting that the position of Wife was "ridiculous," it is difficult to understand why Rule 11 Sanctions are not in order. Tennessee Rule of Civil Procedure 11.02 provides:

**11.02.** **Representations to Court. —** By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, ---

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denial of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

When the September 19, 2003 Petition to Strike or Modify Marital Dissolution Agreement and Other Relief was filed in the trial court, counsel for Wife knew:
1. That the time for filing of a Tennessee Rule of Civil Procedure 60.02 Motion, based upon either a mistake or fraud, had expired.
2. That the Petition asserted no basis for relief for reasons other than "(1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . . ." Tenn. R. Civ. P. 60.02 (1) & (2).

In determining whether or not to impose Rule 11 Sanctions, the supreme court has found objective reasonableness at the time the document was signed to be the test, as noted by this Court:

> The Tennessee Supreme Court has established the standard for determining whether an attorney's conduct sanctionable under Rule 11 as one of objective reasonableness under the circumstances as they existed when the document was signed. [*Andrews v. Bible*, 812 S.W.2d 284, 287 (Tenn. 1991).] "Sanctions are appropriate when an attorney submits a motion or other paper on grounds which he knows or should know are without merit, and a showing of subjective bad faith is not required." *Boyd v. Prime Focus, Inc.*, 83 S.W.3d 761, 765 (Tenn. Ct. App.2001).

*Hooker v. Sundquist*, 107 S.W.3d 532, 536 (Tenn. Ct. App. 2002).

The trial court erred in failing to impose Rule 11 Sanctions, and such sanctions, measured by the reasonable attorney's fees in the uncontested amount of $3,220, will be imposed upon both attorney and client. It is likewise clear that attorney's fees in that same amount should be imposed upon the client under paragraph IX of the Marital Dissolution Agreement. Total amount of $3,220 is imposed jointly and severely upon attorney and client.

The appeal in this case is frivolous as Wife had no more chance for success on appeal than she had in the trial court. *Bursack v. Wilson*, 982 S.W.2d 341 (Tenn. Ct. App. 1998).

The judgment of the trial court is affirmed, except as herein modified, and remanded to the trial court for determination of damages for frivolous appeal and for such other proceedings as may be necessary.

Costs of appeal are assessed against Appellant, Mary Elizabeth Todd Roberts.


_____

WILLIAM B. CAIN, JUDGE