IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 4, 2005 Session

JAMES SAFFLES, ET AL. v. ROGER WATSON, ET AL.

Appeal from the Chancery Court for Monroe County
No. 13,811     Jerri S. Bryant, Chancellor

No. E2004-002599-COA-R3-CV - FILED JUNE 20, 2005

The Chancery Court granted Rule 11 sanctions against James Saffles and Connie Saffles ("Plaintiffs")[1] based upon their actions and the resulting delay that occurred after the filing by Roger Watson and Tammy Watson ("Defendants") of a motion seeking Rule 11 sanctions. We hold that the imposition of Rule 11 sanctions on the grounds relied on by the Chancery Court was error, vacate the grant of Rule 11 sanctions, and remand for a reconsideration of Defendants' motion for Rule 11 sanctions and a determination of whether the imposition of Rule 11 sanctions is proper based on the grounds raised in the Rule 11 motion.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated;
Case Remanded

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J. and CHARLES D. SUSANO, JR., J., joined.

R.D. Hash, Maryville, Tennessee, for the Appellants, James Saffles and wife, Connie Saffles.

John W. Cleveland, Sweetwater, Tennessee, for the Appellees, Roger Watson and wife, Tammy Watson.

---

[1]Casey Pace, Rhonda Pace, and Chris Saffles also were named plaintiffs when suit was filed, but these plaintiffs non-suited their claims and are not involved in the issues raised before this Court.

# OPINION

## Background

This very contentious real estate case involves relatives who became neighbors when Defendants purchased land adjoining Plaintiffs' land. We will discuss only briefly the facts pertinent to the claims regarding the real estate because the issues on appeal involve only the grant of Rule 11 sanctions.

Prior to Defendants' purchase of the property at issue, a suit was filed in the Probate Court for Monroe County ("Probate Court") regarding the property. The Probate Court entered an order dated July 19, 2002[2], stating, *inter alia*:

> upon the Joint Motion of the Petitioners and the Respondents and upon the call of the Motion the Respondent Jimmy Saffles appeared in person pro se at which time the Court was advised that the Respondent Jimmy Saffles had removed the fence which he constructed on real estate which is the subject of this litigation and which was constructed on a portion of that property as shown on a survey . . . and that the Respondent Jimmy Saffles is not occupying nor claiming any portion of said property as shown on said survey.

Defendants purchased the property at issue in August of 2002, and were given a Probate Clerk Deed. Plaintiffs then sued Defendants in the Chancery Court of Monroe County ("Chancery Court") in September of 2002, claiming, in part, that Defendants had committed trespass and vandalism and were "harassing and intimidating Plaintiffs regarding property lines, water lines, warning signs, etc." Defendants answered the complaint and filed a Motion to Dismiss, For Judgment on the Pleadings or Summary Judgment claiming, in part, that the doctrine of *res judicata* applied to the Chancery Court case based upon the decision in the Probate Court case.

Defendants also filed an eight page Motion for Rule 11 Sanctions. Plaintiffs responded to the Motion for Rule 11 Sanctions claiming, in part, that Plaintiff Jimmy Saffles was not placed under oath in the Probate Court case and never gave any testimony. Rather, Plaintiffs claim that Jimmy Saffles "merely spoke from a seat in the open Court and was never actually called as a witness by any body for any purpose." In addition, Plaintiffs claim that the fence that Jimmy Saffles spoke about in the Probate Court case was not the boundary fence involved in the Chancery Court case, and, therefore, the Probate Court case and the Chancery Court cases involved two completely different issues.

In February of 2003, the Chancery Court entered an order finding and holding, *inter alia*:

---

[2]This order was not entered until October 8, 2002.

that there is no genuine issue of material fact that the boundary line between the parties is located as decreed . . . [in the Probate Court case] and Defendants' are entitled to judgment on the boundary line and trespass causes of action in this cause, unless said Probate Court Order is set aside and subsequently modified.

Plaintiff Jimmy Saffles then filed a motion in the Probate Court to alter, amend, or set aside the Probate Court order.

In June of 2003, the Chancery Court entered a Final Judgment on Fewer than All Claims finding, *inter alia*, that the Probate Court had denied the motion to set aside, and awarding Defendants summary judgment. The Chancery Court also found that "there is no reason for delay within the meaning of *Tenn. R. Civ. Proc.* Rule 54.02." No appeal was taken as to this judgment.

On September 30, 2004, the Chancery Court entered an order finding and holding:

Upon reviewing the file in the above styled matter and the Motion for Rule 11 Sanctions, the Court hereby finds that the actions of the Plaintiffs caused a delay in this case on more than one occasion. Further, Plaintiffs were involved in litigation in Probate Court for Monroe County, Tennessee involving the same tract of land and substantially the same questions of law and fact. Plaintiffs had agreed should they not be successful in Probate Court they would dismiss their case in Chancery Court. After having failed to do so, the Defendants incurred expenses in this matter and as such should be reimbursed those expenses under Rule 11 of Tennessee Rule of Civil Procedure.

It is therefore ORDERED, ADJUDGED and DECREED that Defendants shall have a judgment against the Plaintiffs in the amount of $5,000.00 for sanctions in this matter.

Plaintiffs appeal the Chancery Court's September 30, 2004 order awarding Rule 11 sanctions.

**Discussion**

Although not stated exactly as such, Plaintiffs raise two issues on appeal: 1) whether the Chancery Court erred in finding a violation of Rule 11 and awarding monetary sanctions; and, 2) if the answer to issue one is "no," whether the Chancery Court erred in determining the amount of sanctions. Defendants raise the issue of a frivolous appeal.

We first will consider whether the Chancery Court erred in finding a violation of Rule 11 and awarding monetary sanctions. "[T]he question of whether a Rule 11 violation has occurred requires the trial court to make highly fact-intensive determinations regarding the reasonableness of

-3-

the attorney's (and client's) conduct." *Boyd v. Prime Focus, Inc.*, 83 S.W.3d 761, 765 (Tenn. Ct. App. 2001). As such, we review a trial court's ruling on a Rule 11 motion for abuse of discretion. *E.g., Krug v. Krug*, 838 S.W.2d 197, 205 (Tenn. Ct. App. 1992). In pertinent part, Tenn. R. Civ. P. Rule 11 provides:

> **11.02. Representations to Court.** - By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, -
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denial of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.
>
> **11.03. Sanctions.** - If, after notice and a reasonable opportunity to respond, the court determines that subdivision 11.02 has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision 11.02 or are responsible for the violation.
>
> (1) How Initiated.
>
> (a) By Motion. A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision 11.02. It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. . . .

Tenn. R. Civ. P. 11.[3]

---

[3] As reflected in the Chancery Court's order itself, the Rule 11 sanctions were initiated not on the Chancery Court's own initiative pursuant to Rule 11.03(1)(b) but rather were initiated pursuant to Defendants' motion for sanctions under Rule 11.03(1)(a).

"To determine whether the required inquiries were met, the court looks only to the circumstances as known by the attorney *at the time of signing* [the paper alleged to violate Rule 11]." *Krug v. Krug*, 838 S.W.2d at 205. "[T]here are no continuing obligations imposed by Tennessee's version of Rule 11." *Andrews v. Bible*, 812 S.W.2d 284, 291 (Tenn. 1991). "Tenn. R. Civ. P. 11.03(1)(a) provides a 21-day safe harbor provision proposed to alleviate the probability of sanctions by giving opposing parties the opportunity to remedy challenged allegations." *Hunt v. Claybrooks*, No. M1999-01582-COA-R3-CV, 2000 Tenn. App. LEXIS 710 at \*7 (Tenn. Ct. App. Oct. 25, 2000), *appl. perm. appeal denied April 9, 2001.* .

Given that a court is to look only to the circumstances as known by the attorney or unrepresented party at the time of signing, that Rule 11 provides a 21-day safe harbor provision, and that our Supreme Court has held that Rule 11 does not impose continuing obligations, we hold that Rule 11 is not designed to be applied prospectively. A party may not file a Rule 11 motion based upon conduct that may or may not occur in the future, and a court may not base the imposition of Rule 11 sanctions solely upon conduct that occurred after the filing of the motion seeking Rule 11 sanctions. To hold otherwise would be contrary to both the language of Rule 11 and the holdings of our Supreme Court. This Court has neither the power nor the inclination either to amend the Rules of Civil Procedure by decree of this Court or to modify the holdings of our Supreme Court.

Our review of Defendants' motion for Rule 11 sanctions reveals that it does not, nor could it, "describe the specific conduct alleged to violate subdivision 11.02" as being a delay caused by Plaintiffs after the filing of the Rule 11 motion. In this case, the Chancery Court imposed Rule 11 sanctions based, at least in part, upon Plaintiffs' actions and the resulting delay occurring after the filing of Defendants' motion for Rule 11 sanctions. Primarily, it appears the basis for the Chancery Court's imposition of Rule 11 sanctions was actions taken or not taken by Plaintiffs after the Probate Court denied Plaintiffs' motion to alter, amend, or set aside the Probate Court's order, all of which occurred after the filing of both the complaint and the Rule 11 motion. We hold this to be an improper basis upon which to award Rule 11 sanctions. We, therefore, vacate the Chancery Court's September 30, 2004 order awarding Rule 11 sanctions and remand this case to the Chancery Court for reconsideration of Defendants' motion for Rule 11 sanctions and a determination of whether proper grounds exist, as described and relied on by Defendants in their motion, for the imposition of Rule 11 sanctions. Our resolution of this issue renders Plaintiffs' second issue moot.

We next consider Defendants' issue regarding whether this is a frivolous appeal. "A frivolous appeal is one that is 'devoid of merit,' or one in which there is little prospect that [an appeal] can ever succeed." *Industrial Dev. Bd. of the City of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995) (quoting *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202 (Tenn. 1978)). Given that Plaintiffs prevailed on appeal, we decline to hold this is a frivolous appeal, and further decline to award Defendants any attorney fees and costs incurred by this appeal.

## **Conclusion**

The judgment of the Chancery Court is vacated, and this cause is remanded to the Chancery Court for reconsideration of Defendants' motion for Rule 11 sanctions and a determination of whether proper grounds exist, all as described and relied on by Defendants in their Rule 11 motion, for the imposition of Rule 11 sanctions, and for collection of the costs below. The costs on appeal are assessed against the Appellees, Roger Watson and wife, Tammy Watson.


_____
D. MICHAEL SWINEY, JUDGE