# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### February 3, 2014 Session

## JEREMY MITCHELL JORDAN v. DONALD KEEBLE, M.D. ET AL.

**Appeal from the Circuit Court for Knox County**
**No. 3-276-12      Wheeler Rosenbalm, Judge[1]**

---

**No. E2012-02478-COA-R3-CV-FILED-MARCH 27, 2014**

---

The plaintiff, a former[2] state prison inmate, appeals the trial court's dismissal of his health care liability action against the defendants. The trial court granted the motions to dismiss filed by the defendants who are medical personnel based upon, *inter alia*, the plaintiff's failure to comply with the requirements of the Tennessee Health Care Liability Act. *See* Tenn. Code Ann. §§ 29-26-115 to -122 (Supp. 2013). The trial court also granted the motions to dismiss filed by all of the defendants upon finding that the plaintiff's complaint contained insufficient factual allegations under Tennessee Rule of Civil Procedure 8 and, therefore, failed to state a claim upon which relief could be granted pursuant to Tennessee Rule of Civil Procedure 12.02(6). The plaintiff has appealed. Discerning no error regarding dismissal with prejudice pursuant to Tennessee Rule of Civil Procedure 12.02(6), we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., C.J., and D. MICHAEL SWINEY, J., joined.

Jeremy Mitchell Jordan, Knoxville, Tennessee, Pro Se.

Edward G. White, II, and B. Chase Kibler, Knoxville, Tennessee, for the appellee, Donald Keeble, M.D.

---

[1]Judge Rosenbalm retired during the pendency of this action after signing the final order disposing of the plaintiff's claims. Judge Deborah Stevens is now assigned to this case.

[2]The plaintiff was released from state custody during the pendency of this appeal.

Amy Hickerson, Deputy Knox County Law Director, Knoxville, Tennessee, for the appellees, Katie Bean, Deanna Watson, Dewanna Vuley, Melanie K. Adams, and Jeremy Ford.

Heidi A. Barcus and Jamie Ballinger-Holden, Knoxville, Tennessee, for the appellee, Katie Bean.

**OPINION**

I.  Factual and Procedural Background

The plaintiff, Jeremy Mitchell Jordan, a former state prison inmate, is proceeding *pro se* in this matter.  The defendants are Donald Keeble, M.D.; Katie Bean; Deana Watson; Dewanna Vuley; Melanie K. Adams; and Jeremy Ford.  While each of the defendants is employed at the Knox County Detention Center, all are medical personnel except Mr. Ford, who is a correctional officer.

On May 29, 2012, Mr. Jordan mailed a document entitled "Grievance" to the Knox County Circuit Court.  Attached to the Grievance were seven handwritten "Notices of Claim and Authorizations for Release of Information pursuant to Tennessee Code Annotated § 29-26-121."[3]  Mr. Jordan also forwarded an affidavit of indigency and a certification regarding his prison trust account.

The Grievance alleges that on July 1, 2011, Mr. Jordan slipped and fell on a wet tile floor, injuring himself, while he was incarcerated at the Knox County Detention Facility. Mr. Jordan claims to have informed Mr. Ford of this fact, and Mr. Ford gave Mr. Jordan a medical request form to complete.  Mr. Jordan then triggered the emergency button in his cell and told the responding officers he had a medical emergency.  Mr. Jordan was taken by the correctional officers to be examined by medical personnel.  According to the Grievance, the "PA" who examined Mr. Jordan stated that she did not think any bones were broken, but she did order an x-ray.  Mr. Jordan avers that his x-ray taken approximately one month later revealed a fracture in his back.  As Robaxin and Ibuprofen were prescribed for Mr. Jordan, he was told that the pain would go away in time.  In his Grievance, Mr. Jordan also stated that his back continued to be painful, requiring him to take Tylenol every day.  Mr. Jordan claims that the x-ray was not performed in a timely manner, thereby delaying his diagnosis and exacerbating his pain.

---

[3]  This statute contains pre-suit notice requirements for health care liability actions.

Following receipt of the Grievance and attachments, the trial court clerk sent a letter to Mr. Jordan, informing him that the documents had been received but that the clerk was unclear regarding Mr. Jordan's intentions. The clerk informed Mr. Jordan that if his intent was to file a lawsuit, he needed to forward to the court the name and address of each person to be named as a defendant. Mr. Jordan's mailed response stated that he had already provided the names of the individual defendants and that all of these defendants could be contacted at the Knox County Detention Facility. Mr. Jordan further stated: "I don't have access to the necessary paperwork to refile and my time is limited to less than a month, so if you could please just submit the affidavit that I sent as it is all I have." Mr. Jordan also requested the trial court clerk to forward the pre-suit notices of claim, previously sent to the court with his Grievance, to the Knox County Detention Center. He explained that he could not afford postage due to his indigency. Upon receipt of this response, the trial court clerk filed the Grievance as a complaint and issued summonses to all of the named defendants.

The individual defendants subsequently filed motions to dismiss pursuant to Tennessee Rule of Civil Procedure 12.02, serving the motions on Mr. Jordan at the Whiteville Correctional Facility. On August 17, 2012, the trial court heard oral arguments on the motions to dismiss, and the court entered an order granting dismissals with prejudice. The trial court found that: (1) Mr. Jordan's complaint failed to comply with Tennessee Rule of Civil Procedure 8.01 because it did not set forth a short and plain statement of facts showing that Mr. Jordan was entitled to relief, (2) the complaint failed to set forth a demand for judgment for relief, (3) the defendants were not given proper pre-suit notice pursuant to Tennessee Code Annotated § 29-26-121, and (4) no certificate of good faith was attached to the complaint pursuant to Tennessee Code Annotated § 29-26-122.

On September 20, 2012, Mr. Jordan filed a motion requesting that the matter be reopened or that he be allowed the opportunity to properly file his claim. Mr. Jordan stated that his purpose in sending the earlier documentation to the court was only to provide sufficient pre-suit notice of his claim to the defendants. Mr. Jordan also took issue with the fact that he did not receive notice of the prior hearing on the motions to dismiss and, therefore, was unable to attend. The trial court considered oral arguments on Mr. Jordan's motion,[4] which the court construed as a motion to alter or amend pursuant to Tennessee Rule of Civil Procedure 59. The court upheld the dismissal of the complaint. Mr. Jordan timely appealed.

---

[4]Mr. Jordan was also unable to appear at this hearing due to his incarceration.

## II. Issues Presented

Mr. Jordan presents three issues for our review, which we have restated as follows:

1.    Whether the trial court erred in finding that Mr. Jordan failed to properly provide pre-suit notice to the defendants.

2.    Whether the trial court erred in dismissing Mr. Jordan's claim.

3.    Whether Mr. Jordan was prejudiced by his lack of appearance at either motion hearing.

## III. Standard of Review

In reviewing the trial court's dismissal of a complaint pursuant to Tennessee Rule of Civil Procedure 12.02(6), we must only consider the legal sufficiency of the complaint dismissed. *See Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002). As our Supreme Court has explained:

> A Rule 12.02(6) motion to dismiss only seeks to determine whether the pleadings state a claim upon which relief can be granted. Such a motion challenges the legal sufficiency of the complaint, not the strength of the plaintiff's proof, and, therefore, matters outside the pleadings should not be considered in deciding whether to grant the motion. In reviewing a motion to dismiss, the appellate court must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences. It is well-settled that a complaint should not be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his or her claim that would warrant relief. Great specificity in the pleadings is ordinarily not required to survive a motion to dismiss; it is enough that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." *White v. Revco Disc. Drug Ctrs, Inc.*, 33 S.W.3d 713, 718 (Tenn. 2000) (citing Tenn. R. Civ. P. 8.01).

*Id.* (additional internal citations omitted).

In reviewing pleadings, we "must give effect to the substance, rather than the form or terminology of a pleading." *Stewart v. Schofield*, 368 S.W.3d 457, 463 (Tenn. 2012) (citing *Abshure v. Methodist Healthcare-Memphis Hosp.*, 325 S.W.3d 98, 104 (Tenn. 2010)).

We note also that pleadings "prepared by pro se litigants untrained in the law should be measured by less stringent standards than those applied to pleadings prepared by lawyers." *Stewart*, 368 S.W.3d at 462 (citing *Carter v. Bell*, 279 S.W.3d 560, 568 (Tenn. 2009); *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003); *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003)).

## IV. Filing of Grievance

The crux of Mr. Jordan's appeal focuses on the trial court's interpretation and filing of his Grievance as a complaint. Mr. Jordan argues that the trial court clerk erroneously filed a complaint on his behalf without his knowledge when his intent was merely to provide pre-suit notice as required by Tennessee Code Annotated § 29-26-121. Defendants contend that the trial court properly interpreted Mr. Jordan's actions as his seeking to file a complaint initiating a lawsuit. We agree with Defendants.

Mr. Jordan mailed his Grievance to the Knox County Circuit Court in May 2012, detailing his asserted health care liability claim against personnel at the Knox County Detention Facility, which arose from events occurring on July 1, 2011. Mr. Jordan attached seven handwritten Notices of Claim and Authorizations for Release of Information pursuant to Tennessee Code Annotated § 29-26-121. Further, Mr. Jordan signed an oath contained within said Notices, stating that he had previously mailed the notices to the defendants via certified mail, return receipt requested, on April 25, 2012. Mr. Jordan also forwarded an affidavit of indigency and a certification regarding his trust account, documents which would typically accompany the filing of a complaint by an inmate. *See* Tenn. Code Ann. § 41-21-807.

Following receipt of these documents, the trial court clerk sent correspondence to Mr. Jordan, which stated:

> We have received the documents you mailed to our Court. After reviewing same, it is unclear as to how you want to proceed. If it is your intent to file a lawsuit, it will be necessary for you to clearly identify each person or entity against whom you seek relief. In order for us to proceed, you will need to furnish us with the full name and address of each person to be named as a Defendant.

Mr. Jordan's response declared:

> I stated all names clearly in my paperwork and as I am incarcerated I cannot obtain addresses for the defendants. But all the defendants named in my claim

can be contacted at [the] Knox County Detention Facility; which I also included in my claim. I don't have access to the necessary paperwork to refile and my time is limited to less than a month, so if you could please just submit the affidavit that I sent as it is all I have.

. . .

I am an indigent ward of the state and cannot afford to send postage for the notice of claims I sent to you if you could forward them to Knox County Penal Farm I would really appreciate it.

Upon receipt of this response, the trial court clerk filed the Grievance as a complaint and issued summonses to all of the named defendants.

Following a thorough review of the record, we conclude that the court clerk's action of filing the Grievance as a complaint was reasonable and proper. The clerk inquired regarding Mr. Jordan's intent when sending the documents to the court, and Mr. Jordan's response is reasonably interpreted as granting the clerk permission to file his documents with the court. Mr. Jordan asserted that his time was limited and asked the clerk to submit the documents he sent because he did not "have access to the necessary paperwork to refile." There would have been no other basis recognized by law for Mr. Jordan to send documentation to the court in the absence of the intent to file a lawsuit. *See generally* Tenn. R. Civ. P. 3; *see, e.g., Gray v. Tenn. Dep't of Corr.*, No. E2012-00425-COA-R3CV, 2013 WL 5677004 at *1 (Tenn. Ct. App. Oct. 17, 2013).

Tennessee Rule of Civil Procedure 5.06 explains:

The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with the judge, in which event he or she shall note thereon the filing date and forthwith transmit them to the office of the clerk. The clerk shall endorse upon every pleading and other papers filed with the clerk in an action the date and hour of the filing. . . .

Our Supreme Court has recognized: "[c]ourt clerks are public officers with a statutory duty to perform the clerical functions of their respective courts. Tenn. Code Ann. §§ 18-1-101, 104 (1994). These court officers have a duty to "endorse upon every pleading and other papers filed with the clerk in an action the date and hour of the filing." Tenn. R. Civ. P. 5.06." *West v. Vought Aircraft Indus., Inc.*, 256 S.W.3d 618, 624 (Tenn. 2008).

As the U.S. Supreme Court quoted from an opinion released by the Supreme Court of Ohio:

> It is the duty of the clerk of this court, in the absence of instructions from the court to the contrary, to accept for filing any paper presented to him, provided such paper is not scurrilous or obscene, is properly prepared and is accompanied by the requisite filing fee.

*Burns v. State of Ohio*, 360 U.S. 252, 256, 79 S. Ct. 1164, 1168, 3 L. Ed. 2d 1209 (1959) (quoting *State ex rel. Wanamaker v. Miller*, 128 N.E.2d 110 (Ohio 1955)). We agree with this statement of law. We conclude that the trial court clerk herein maintained a duty to file the papers that were presented and did not have the authority to determine the propriety of the documents submitted based on either substance or form; such authority would be vested solely with the court. *See generally* 21 C.J.S. *Courts* § 340 (2014).

We also note that if we follow Mr. Jordan's argument to its logical conclusion, the clerk of court would have been required to withhold filing the Grievance until some future confirmation from Mr. Jordan. Such inaction on the clerk's part could be interpreted as a violation of Tennessee Rule of Civil Procedure 5.06 and would leave open the door for assertion that the court failed to file a timely complaint. *See, e.g., Dunlap v. Ayers*, No. 02A01-9801-CV-00025, 1999 WL 236514 at *7 (Tenn. Ct. App. Apr. 23, 1999) (holding that a document "is deemed filed when [it is] handed to a person in the clerk's office to receive it," and "if a litigant timely places a pleading or other paper in the possession of a court clerk employee, the employee's failure to mark it filed is not fatal to the litigant's subsequent argument that the paper was timely filed."). We conclude that the trial court clerk properly treated and filed Mr. Jordan's Grievance as a complaint, thereby initiating a lawsuit.

### V. Failure to Comply with Tennessee Rule of Civil Procedure 8.01

The trial court dismissed Mr. Jordan's complaint for failure to comply with Tennessee Rule of Civil Procedure 8.01 because the pleading did not set forth a short and plain statement of facts showing that Mr. Jordan was entitled to relief from the defendants and did not set forth a demand for judgment for relief. A trial court's legal conclusions regarding the adequacy of a complaint are reviewed de novo without a presumption of correctness. *Stewart*, 368 S.W.3d at 462-63.

Tennessee Rule of Civil Procedure 8.01 provides:

A pleading which sets forth a claim for relief, whether an original claim,

counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Our Supreme Court has previously explained:

Under Tennessee Rule of Civil Procedure 8, Tennessee follows a liberal notice pleading standard, *see Leach*, 124 S.W.3d at 92-93, which recognizes that the primary purpose of pleadings is to provide notice of the issues presented to the opposing party and court. *Abshure v. Methodist Healthcare-Memphis Hosps.*, 325 S.W.3d 98, 103 (Tenn. 2010); *see also* Robert Banks, Jr. & June F. Entman, Tennessee Civil Procedure § 5-4(a) (3d ed. 2009) ("The essential function of the pleadings is simply to give notice of a claim or defense. History, as Professors Wright and Miller point out, has shown that the pleadings cannot successfully do more.") (footnotes omitted). Our state's notice pleading regime is firmly established and longstanding; this Court recognized well before the Tennessee Rules of Civil Procedure were adopted that "[t]he object and purpose of any pleading is to give notice of the nature of the wrongs and injuries complained of with reasonable certainty, and notice of the defenses that will be interposed, and to acquaint the court with the real issues to be tried." *Hammett v. Vogue, Inc.*, 179 Tenn. 284, 165 S.W.2d 577, 579 (Tenn. 1942).

To be sufficient and survive a motion to dismiss, a complaint must not be entirely devoid of factual allegations. Tennessee courts have long interpreted Tennessee Rule of Civil Procedure 8.01 to require a plaintiff to state "'the facts upon which a claim for relief is founded.'" *Smith v. Lincoln Brass Works, Inc.*, 712 S .W.2d 470, 471 (Tenn. 1986) (quoting *W & O Constr. Co. v. City of Smithville*, 557 S.W.2d 920, 922 (Tenn. 1977)). A complaint "need not contain detailed allegations of all the facts giving rise to the claim," but it "must contain sufficient factual allegations to articulate a claim for relief." *Abshure*, 325 S.W.3d at 103-04. "The facts pleaded, and the inferences reasonably drawn from these facts, must raise the pleader's right to relief beyond the speculative level." *Id*. at 104. Thus, as we observed in *Leach*,

"While a complaint in a tort action need not contain in minute detail the facts that give rise to the claim, it must contain direct allegations on every material point necessary to sustain a recovery on any legal theory, even though it may not be the

-8-

> theory suggested . . . by the pleader," or contain allegations from
> which an inference may fairly be drawn that evidence on these
> material points will be introduced at trial.
>
> 124 S.W.3d at 92 (quoting *Donaldson v. Donaldson*, 557 S.W.2d 60, 61 (Tenn. 1977)) (alteration in original); *accord Givens v. Mullikin ex rel. Estate of McElwaney*, 75 S.W.3d 383, 399 (Tenn. 2002). Moreover, courts are not required to accept as true assertions that are merely legal arguments or "legal conclusions" couched as facts. *Riggs v. Burson*, 941 S.W.2d 44, 47-48 (Tenn. 1997).

*Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 427 (Tenn. 2011).

The Tennessee Health Care Liability Act, codified at Tennessee Code Annotated § 29-26-115 (Supp. 2013), provides that a plaintiff must ultimately prove:

> (1) The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred;
>
> (2) That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and
>
> (3) As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.

Tennessee Code Annotated § 29-26-115 merely codifies the common-law elements of negligence – duty, breach of duty, causation (proximate and legal), and damages. *See Taylor v. Lakeside Behavioral Health Sys.*, No. W2009-00914-COA-R3-CV, 2010 WL 891879 at *12 (Tenn. Ct. App. Mar. 15, 2010). Therefore, a complaint based on this statute would, at a minimum, need to state facts sufficient to aver the existence of a duty, breach of that duty, causation, and damages in order to survive a motion to dismiss. *See Taylor*, 2010 WL 891879 at *12.

In the case at bar, Mr. Jordan alleged in his complaint that he was examined by a "PA" at the prison clinic following his accident and that this "PA" stated that she did not think any bones were broken. Mr. Jordan's complaint alleges that an x-ray was ordered but was not performed for almost one month. Following the x-ray, Mr. Jordan was allegedly told by the "PA" that there was a fracture in his back but that no physical therapy was necessary. Mr.

Jordan was prescribed medication and allegedly told that the pain would go away, but he claimed that it had not. Mr. Jordan asserts that the delay in x-ray diagnosis and the lack of treatment contributed to his pain and suffering.

When reviewing this complaint, we are mindful of the following rules regarding pleadings of *pro se* litigants:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

> The courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs. Accordingly, we measure the papers prepared by pro se litigants using standards that are less stringent than those applied to papers prepared by lawyers.

> Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries. They are, however, entitled to at least the same liberality of construction of their pleadings that Tenn. R. Civ. P. 7, 8.05, and 8.06 provide to other litigants. Even though the courts cannot create claims or defenses for pro se litigants where none exist, they should give effect to the substance, rather than the form or terminology, of a pro se litigant's papers.

*Young*, 130 S.W.3d at 62-63 (internal citations omitted).

As our Supreme Court has stated: "It is not the function of an appellate court to attempt to unravel pleadings in a vain effort to ascertain the precise issues in controversy. Nor is justice served by speculation as to the nature of the action." *H.H. Luttrell & Assocs. v. Bank of Quitman*, 559 S.W.2d 942, 943 (Tenn. 1978). This Court has further explained: "[W]e do not conceive it to be the duty of the trial court or defense counsel, or this Court, to sift through the complaint in this case, and rewrite plaintiffs' complaint so that it complies with Rule 8, Tenn. R. Civ. P." *Collier v. Fed. Land Bank of Louisville*, No. 87-150-II, 1987 WL 18379 (Tenn. Ct. App. Oct. 14, 1987).

We note that the only defendant specifically named in Mr. Jordan's complaint is Officer Ford. Mr. Jordan does not, however, make any allegation of negligence against Officer Ford whatsoever. Mr. Jordan's complaint seems to focus on the alleged misdeeds of an unnamed "PA" but fails to specify the duty that was owed to him by any particular medical defendant in order to establish the standard of acceptable professional practice. The complaint also fails to articulate a breach of that duty because it does not allege that any health care defendant failed to comply with the applicable standard of care. The complaint does allege a possible initial misdiagnosis, but as this Court has previously recognized, "[a] patient's subjective belief that he or she was misdiagnosed is not a sufficient basis for a malpractice claim." *See Cavnar v. State*, No. M2002-00609-COA-R3-CV, 2003 WL 535915 at *4 (Tenn. Ct. App. Feb. 26, 2003) ("[I]n the case of misdiagnosis, malpractice exists only if it results from the physician's failure to exercise the standard or degree of care in diagnosing which would have been exercised by members of his profession in good standing in his locality under similar circumstances."). Further, Mr. Jordan does not allege that he suffered injuries that would not otherwise have occurred and does not make a demand for judgment for the relief he seeks.

We conclude that Mr. Jordan's complaint fails to comply with the requirements of Tennessee Rule of Civil Procedure 8.01 and fails to state a claim upon which relief can be granted. A dismissal for failure to state a claim under Tennessee Rule of Civil Procedure 12.02(6) operates as an adjudication on the merits. *Boyd v. Prime Focus, Inc.*, 83 S.W.3d 761, 766 (Tenn. Ct. App. 2001). Having found that the trial court properly dismissed the complaint on this basis, we decline to address Mr. Jordan's issue presented regarding pre-suit notice, determining that it is pretermitted as moot.

## VI. Lack of Appearance at Hearings

Mr. Jordan's brief appears to assert that he was prejudiced by his inability to personally appear at the hearing on the motions to dismiss and the subsequent hearing on his motion pursuant to Tennessee Rule of Civil Procedure 59. Mr. Jordan argues that as an incarcerated person, he had no control over his ability to attend the hearings.

We note at the outset that Mr. Jordan never requested transport to court for the hearing or that the hearing be continued until following entry of the final order in this matter. Regardless, this Court has previously held that neither the inmate's personal appearance nor a continuance was required for a hearing on a motion to dismiss because the inmate "had ample opportunity to file documents presenting his legal theories as to why the suit should not be dismissed on the pleadings." *See Knight v. Knight*, 11 S.W.3d 898, 906 (Tenn. Ct. App. 1999) (citing *Montague v. Johnson City*, No. 03A01-9402-CV-00049, 1994 WL 287587 at *3 (Tenn. Ct. App. June 30, 1994), *perm. app. denied* (Tenn. Oct. 3, 1994). *See*

*also Logan v. Winstead*, 23 S.W.3d 297, 302 (Tenn. 2000) ("Motions to dismiss, motions for summary judgment, and other such pre-trial matters can be litigated by an inmate in custody.")

Further, Tennessee Code Annotated § 41-21-304 provides:

> In no civil case can an inmate be removed from the penitentiary to give personal attendance at court, but testimony may be taken by deposition, as in other cases, the party seeking the testimony being required to make affidavit that the inmate is a material witness in the cause.

We therefore deem this issue to be without merit.

Mr. Jordan likewise contends that he was not provided proper notice of the hearing on the motions to dismiss, because he was transferred to a different facility just prior to the notice being sent. The record clearly establishes, however, that the motions and notice of the hearing were timely sent to Mr. Jordan at the Whiteville Correctional Facility, which was the last address Mr. Jordan provided to the court and the defendants. It is well settled that if a "litigant proceeding *pro se* relocates during the course of litigation, he is encumbered with the responsibility of notifying the clerk of the court of his new address." *Reynolds v. Battles*, 108 S.W.3d 249, 251 (Tenn. Ct. App. 2003).[5] Having failed to provide proper notice of his address change, Mr. Jordan cannot be heard to complain of his failure to receive notice of the hearing.

## VII.  Conclusion

The judgment of the trial court granting dismissal of Mr. Jordan's claim with prejudice is affirmed. Costs on appeal are taxed to the appellant, Jeremy Mitchell Jordan. This case is remanded to the trial court, pursuant to applicable law, for enforcement of the trial court's judgment and collection of costs assessed below.

_____
THOMAS R. FRIERSON, II, JUDGE

---

[5]We note that defendants rely upon this Court's memorandum opinion in *Rosales v. Rosales*, No. M2008-00462-COA-R3-CV, 2009 WL 161089 (Tenn. Ct. App. Jan. 22, 2009); however, pursuant to Tennessee Court of Appeals Rule 10, memorandum opinions shall not be cited or relied upon for any reason in an unrelated case.