IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 14, 2016 Session

## GREER CRAIG ET AL. V. PEOPLES COMMUNITY BANK

**Appeal from the Chancery Court for Washington County**
**No. 43240     John C. Rambo, Chancellor**

_____

**No. E2016-00575-COA-R3-CV-FILED-DECEMBER 30, 2016**

_____

The plaintiffs, Greer Craig and Lana Kaye Craig, brought an action against Peoples Community Bank (the Bank). Their cause of action is essentially identical to Mr. Craig's two prior actions, each of which previously had been dismissed with prejudice and not appealed. In the present action, the trial court applied the doctrines of res judicata and collateral estoppel and granted the Bank summary judgment. We affirm. Furthermore, we find this appeal to be frivolous. Accordingly, we remand this case to the trial court so it can award the Bank its reasonable attorney's fees and expenses on appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and JOHN W. MCCLARTY, J., joined.

Greer Craig and Lana Kaye Craig, Jonesborough, Tennessee, appellants, pro se.

Steven C. Huret, Robert L. Arrington, and Andrew D. Street, Kingsport, Tennessee, for appellee, Peoples Community Bank.

**OPINION**

1

# I.

Mr. Craig, acting pro se, filed a complaint against Robert Williams, president of the Bank, on January 6, 2015. The complaint alleged that the Bank offered initially to finance his business, operating as Holiday Market in Elizabethton, in the amount of $385,000, but that it then reduced the amount to $270,000. The complaint states that the Bank "encouraged [him] to go get additional business" and that the Bank "had his back." On March 5, 2015, the trial court granted the Bank's motion to dismiss. The order expressly dismissed the action with prejudice. Mr. Craig did not appeal, so that judgment became final thirty days after its entry. *See Creech v. Addington*, 281 S.W.3d 363, 377 (Tenn. 2009), citing Tenn. R. App. P. 4(a)-(c).

Mr. Craig filed a second complaint against Williams on April 7, 2015, again in the latter's capacity as president of the Bank. This time, he also sued Gary Mills, the president of First Community Bank. According to the record before us, the Bank is a "subdivision" of First Community Bank. The complaint alleged:

> Having been approached by a senior officer of Peoples Community Bank, Mr. Dan Ledford, Vice President of Operations, Johnson City, Tennessee induced me to grow my business, the Bank has my back. This was echoed by Robert Williams at a joint meeting at the end of October, 2012. A presence of credible promise, substantiated by persons of significance [*sic*] status to effectively carry out the mission of "grow your business, We got your back". I've done my part. They need to step up!

The second complaint's only reference to Mills or First Community Bank is the following:

> I have lost trust with [the] Bank . . . . But maybe, just maybe, they see my position and have no way to help. Possibly the home office, First Community Bank, Bluefield, West Virginia is giving decisions that are final. Therefore, I plea to expand this appeal to include Mr. Gary Mills, President, First Community Bank[.]

The trial court dismissed this second action with prejudice by order entered July 21, 2015. As to the defendant Williams, the court held that the suit was barred by res judicata. As to Mills, the court held that the complaint failed to state a cause of action upon which relief could be granted, "because the pro se plaintiff did not produce any

2

writing from the defendants satisfying the provisions of Tenn. Code Ann. § 29-2-101(b)(1)[2012]." That statute provides as follows:

> No action shall be brought against a lender or creditor upon any promise or commitment to lend money or to extend credit, or upon any promise or commitment to alter, amend, renew, extend or otherwise modify or supplement any written promise, agreement or commitment to lend money or extend credit, unless the promise or agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the lender or creditor, or some other person lawfully authorized by such lender or creditor.

Mr. Craig again failed to appeal and the judgment on the second suit became final.

On October 12, 2015, Mr. Craig filed a third and last complaint. He was joined this time by Mrs. Craig. This is the case now before us. The plaintiffs' complaint states, in pertinent part, as follows:

> Defendant, Peoples Community Bank approached Plaintiffs with an unsolicited loan proposal in February, 2011, offering to provide a loan on Plaintiffs' real property upon which the Holiday Market is located. The initial loan offer from the Defendant to Plaintiff was for $385,000.00 to be based upon a real estate appraisal value of at least $600,000.00, for the real property referred to above.

> Relying on the banking expertise of the Defendant, the assurances of the officers, representatives, and/or agents of the Defendant that the Defendant would make Plaintiffs the loan, and Defendant's expressed desire to provide adequate financing to meet the business needs of the Plaintiffs for operation of the Holiday Market, Plaintiffs agreed to the loan terms and allowed Defendant to hire its own real estate and business appraiser to do the necessary investigation and analysis of the value of Plaintiffs' real estate and attendant business, Holiday Market.

> In further reliance upon the assurances of the Defendant and its officers, representatives, and/or agents, that the unsolicated

[*sic*] loan would be arranged by Defendant and made to Plaintiffs, Plaintiffs began spending their own funds to improve the Holiday Market, in the amount of approximately $110,000.00.

The value of the Plaintiffs' real property and its attendant business, Holiday Market, was over $600,000, in 2012. The net income to the Plaintiffs from the operations of the Holiday Market was over $100,000.00 per year. However the Defendant's hired appraiser provided a report that stated the value of the Plaintiffs' property was only $450,000.00, not the true $600,000.00 plus value of the real estate and attendant business.

Defendant provided no justification for the low appraisal and told the Plaintiffs they would only loan $270,000 on the said property and business. . . . Due to the expenditures Plaintiffs had made from their personal funds for upgrades to the Holiday Market in good faith reliance upon the assurances of the Defendant and its officers, representatives, and/or agents, Plaintiffs were placed under undue influence and undue economic duress by the Defendant to agree to the reduced loan amount and additional costs and expenses or get no loan at all and lose all their personal funds and sweat equity they had invested in the improvements to the Holiday Market.

In further reliance upon the business and banking expertise of the Defendant and the assurances of its officers, representatives, and/or agents, Plaintiffs agreed to the reduced loan amount and the additional expenses . . . and after the loan was made, continued to spend approximately $50,000.00 more of their own funds to grow the businesses of the Holiday and Uncle Dan's Gashouse, Jonesborough, Tennessee.

However, because of the valuation by the Defendant's appraiser and the inducements promised by the Defendant, its officers, representatives, and/or agents, the Plaintiffs could not pay down the indebtedness owed against the real property by an amount sufficient to make the business able to pay all its debts, and now Plaintiffs face the prospect of personal

bankruptcy and loss of their real property and business to foreclosure by the Defendant.

(Paragraph numbering in original omitted.)

The Bank moved to dismiss or, in the alternative, for summary judgment. Following a hearing, the trial court granted the motion for summary judgment in an order entered February 20, 2016. The court stated as follows:

> After reviewing the court files in the present case as well as the previous lawsuits styled *Greer Craig v. Robert Williams*, Civil Action No. 42832 and *Greer Craig v. Robert Williams and Gary Mills*, Civil Action No. 42977, hearing the arguments of Defendant's counsel as well as those of the *pro se* plaintiffs, and considering the record as a whole, the court found that the gravamen of the [c]omplaint[] filed in the present lawsuit was substantively the same as the ones filed in the two prior lawsuits with the lone exceptions being the addition of another party plaintiff, Lana Kaye Craig, and leaving Peoples Community Bank (the "Bank") as the only party defendant. The court found that the present lawsuit against the Bank is barred by both of the doctrines of res judicata and collateral estoppel because the two prior lawsuits essentially implicated the Bank through its officers, because the gravamen of the [c]omplaint in the present case is substantively the same as the [c]omplaints in the two previously dismissed lawsuits, and the dismissal with prejudice of the previous two lawsuits . . . operated as adjudications on the merits. Therefore, the Bank submitted affirmative evidence that negated essential elements of the *pro se* plaintiffs' claim such that summary judgment was appropriate[.]

The Bank also moved for attorney's fees and costs under Tenn. Code Ann. § 20-12-119(c). That statute authorizes such an award, under certain circumstances, to a party prevailing on its motion to dismiss filed pursuant to Tenn. R. Civ. P. 12 for failure to state a claim upon which relief can be granted. The Bank also moved for sanctions under Tenn. R. Civ. P. 11.03. The trial court denied both motions. Plaintiffs timely filed a notice of appeal.

5

## II.

Plaintiffs raise the following issues, as quoted from their brief:

> (1) Did the trial court err by failing to require the . . . Bank, pursuant to Tenn. R. Civ. P. 10.03, in conjunction with Tenn. Code Ann. Section 29-2-101(b)(1) to produce the letter of commitment it offered to [plaintiffs] in the amount of $200,000.00?
>
> (2) Did the trial court err in ruling that res judicata and/or collateral estoppel apply to this case and require it to be dismissed?

The Bank presents these issues, as quoted from its brief:

> (1) Whether the trial court properly dismissed the [c]omplaint under Tenn. R. Civ. P. 12.02(6) for failing to state a claim upon which relief may be granted.
>
> (2) Whether the trial court properly granted summary judgment under the doctrines of res judicata and collateral estoppel.
>
> (3) Whether the trial court abused its discretion when it denied [the Bank's] motion for sanctions under Tenn. R. Civ. P. 11.03, where [plaintiffs] filed three successive actions against the [Bank], all of which were dismissed with prejudice.
>
> (4) Whether the trial court abused its discretion in finding that [plaintiffs] had not "acted unreasonably in bringing, or refusing to voluntarily withdraw, the dismissed claim," under Tenn. Code Ann. § 20-12-119(c), where the previous two lawsuits were both dismissed with prejudice and the gravamen of the [c]omplaint in the third lawsuit was the same.
>
> (5) Whether the present appeal is frivolous[.]

## III.

As previously noted, the Bank moved for dismissal of the complaint and/or for summary judgment. The trial court's order states that it grants the motion to dismiss for failure to state a claim upon which relief can be granted, and that "the alternative [m]otion for [s]ummary [j]udgment is granted." The well-established rule is that "[i]f matters outside the pleadings are presented in conjunction with either a Rule 12.02(6) motion or a Rule 12.03 motion and the trial court does not exclude those matters, the court must treat such motions as motions for summary judgment and dispose of them as provided in Rule 56." *Patton v. Estate of Upchurch*, 242 S.W.3d 781, 786 (Tenn. Ct. App. 2007). The record contains several documents that clearly constitute matters outside the pleadings. The trial court stated that it had "considered the record as a whole." Moreover, a motion hearing took place at which the trial court considered exhibits in the form of several charts, a photograph, and a collection of documents including several deeds of trust. Consequently, the matter was correctly treated as a motion for summary judgment. The Bank's motion for fees and costs under Tenn. Code Ann. § 20-12-119(c) was correctly denied, because the motion was not properly considered as a motion to dismiss under Tenn. R. Civ. P. 12.02(6).[1] Accordingly, the statute is not applicable here.

We review a grant of summary judgment in accordance with the following standard, as stated by the Supreme Court:

> Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. We review a trial court's ruling on a motion for summary judgment de novo, without a presumption of correctness.

> \*     \*     \*

> [I]n Tennessee, as in the federal system, when the moving party does not bear the burden of proof at trial, the moving

---

[1] The Bank recognized as much in its memorandum of law in support of its motion filed with the trial court, in which it stated, "Tenn. R. Civ. P. 12.02 requires that the motion to dismiss for failure to state a claim be converted to a motion for summary judgment, which is governed by Tenn. R. Civ. P. 56[.]"

party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. . . . The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.

*Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250, 264-65 (Tenn. 2015) (italics in original).

In making the determination of whether summary judgment was correctly granted,

[w]e must view all of the evidence in the light most favorable to the nonmoving party and resolve all factual inferences in the nonmoving party's favor. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008); *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999); *Muhlheim v. Knox Cnty. Bd. of Educ.*, 2 S.W.3d 927, 929 (Tenn. 1999). If the undisputed facts support only one conclusion, then the court's summary judgment will be upheld because the moving party was entitled to judgment as a matter of law. *See White v. Lawrence*, 975 S.W.2d 525, 529 (Tenn. 1998); *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995).

*Wells Fargo Bank, N.A. v. Lockett*, No. E2013-02186-COA-R3-CV, 2014 WL 1673745 at *2 (Tenn. Ct. App. E.S., filed Apr. 24, 2014).

"A trial court's decision that a claim is barred by the doctrine of res judicata or claim preclusion involves a question of law which will be reviewed de novo on appeal without a presumption of correctness." *Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012).

**IV.**

The Supreme Court in *Jackson* set forth the governing principles of our review of a ruling based on res judicata:

The doctrine of res judicata or claim preclusion bars a second suit between the same parties or their privies on the same

8

claim with respect to all issues which were, or could have been, litigated in the former suit. ***Creech v. Addington***, 281 S.W.3d 363, 376 (Tenn. 2009); ***Richardson v. Tennessee Bd. of Dentistry***, 913 S.W.2d 446, 459 (Tenn. 1995) (quoting ***Goeke v. Woods***, 777 S.W.2d 347, 349 (Tenn. 1989)). It is a "rule of rest," ***Moulton v. Ford Motor Co.***, 533 S.W.2d 295, 296 (Tenn. 1976), and it promotes finality in litigation, prevents inconsistent or contradictory judgments, conserves judicial resources, and protects litigants from the cost and vexation of multiple lawsuits. ***In re Estate of Boote***, 198 S.W.3d 699, 718 (Tenn. Ct. App. 2005); ***Sweatt v. Tennessee Dep't of Corr.***, 88 S.W.3d 567, 570 (Tenn. Ct. App. 2002).

The party asserting a defense predicated on res judicata or claim preclusion must demonstrate (1) that the underlying judgment was rendered by a court of competent jurisdiction, (2) that the same parties or their privies were involved in both suits, (3) that the same claim or cause of action was asserted in both suits, and (4) that the underlying judgment was final and on the merits. ***Lien v. Couch***, 993 S.W.2d 53, 56 (Tenn. Ct. App. 1998); *see also* ***Lee v. Hall***, 790 S.W.2d 293, 294 (Tenn. Ct. App. 1990).

***Id.*** at 491.

In this case, plaintiffs' serial lawsuits assert the same claim or cause of action. Plaintiffs do not argue otherwise. Nor do they contest that the underlying prior judgment was rendered by a court of competent jurisdiction, on the merits, and final. Plaintiffs do contend that the earlier lawsuits did not involve "the same parties or their privies," asserting in their brief as follows:

In the first lawsuit, the Defendant was Robert Williams, President of Peoples Community Bank. In the second lawsuit, the Defendants were Robert Williams, President of Peoples Community Bank, and Gary Mills, President of another bank, First Community Bank. The third lawsuit from which this appeal is made was filed against the Defendant/Appellee, Peoples Community Bank.

Regarding the privity requirement, this Court has observed:

9

> In the context of both res judicata and collateral estoppel, the concept of privity relates to the subject matter of the litigation, not to the relationship between the parties themselves. Privity connotes an identity of interest, that is, a mutual or successive interest to the same rights.

*State ex rel. Cihlar v. Crawford*, 39 S.W.3d 172, 180 (Tenn. Ct. App. 2000) (internal citations omitted); *accord* **Rowe v. Hamilton Cnty. Bd. of Educ.**, No. E2014-01978-COA-R3-CV, 2015 WL 4197059, at *7 (Tenn. Ct. App., filed July 13, 2015); *Foster v. Fed. Nat'l Mtg. Ass'n*, No. E2012-02346-COA-R3-CV, 2013 WL 3961193, at *4 (Tenn. Ct. App., filed July 31, 2013).

In both of Mr. Craig's earlier complaints, he named Williams as "president of Peoples Community Bank," *i.e.*, in his *representative* capacity as officer and agent of the Bank. The allegations in all three complaints are directed solely at the Bank. There is no assertion that could possibly be interpreted as supporting an action or judgment against Williams personally or in his individual capacity. The subject matter of the litigation – the gravamen of all three complaints – is that *the Bank* promised to lend the plaintiffs more money than it actually did. Moreover, in his second complaint, Mr. Craig asked the trial court to award him a judgment *against the Bank*, stating:

> I plead to the court to rule on my obtaining a [l]etter of [c]redit for $303,167 from Peoples Community Bank at a rate of 2.5%. . . . If this proposal is not acceptable then my plea to the court is to access damages for a minimum of $1,200,000 and based upon this audit to reserve the right to have total damages of $5,000,000 placed against both Peoples Community Bank . . . and First Community Bank . . . jointly and severally if so merited.

We hold that under the circumstances, the Bank was in privity with its president, Williams, because they have mutual interest in the subject matter and the rights involved here. The plaintiffs are also in privity with each other as related to these lawsuits. Mr. Craig cannot file essentially the same action after his first one was dismissed by a valid judgment, not appealed and therefore final, simply by adding his spouse as a plaintiff in the next attempt.

Regarding plaintiffs' argument that the trial court erred by refusing to order the Bank "to produce the letter of commitment it offered to [plaintiffs] in the amount of $200,000.00," we note that plaintiffs' complaint alleges that the Bank initially offered them a loan of $385,000 but ultimately only lent them $270,000, more than allegedly

10

stated in the letter of commitment.  Thus, the alleged letter would have done nothing to help plaintiffs' case.  Further, at the hearing, the trial court asked Mr. Craig if he had a signed document that would preclude summary judgment under Tenn. Code Ann. § 29-2-101(b)(1):

> THE COURT: Things have to be in writing.  You, you said your letter of commitment for $200,000.00 was for the houses but you didn't follow through on the loan on the houses?
>
> MR. CRAIG: No, sir.
>
> THE COURT: Did you get a letter of commitment on the convenience store business from them?
>
> MR. CRAIG: No, sir. No, I didn't.  I mean, there wasn't any, you know, there wasn't anything there.  It was just an oral, I didn't get a loan, I didn't get a commitment letter on refinancing my house.  I didn't get a commitment letter refinancing anything.  They just did it.

We find no error in the trial court's ruling on this issue.

The Bank argues that the trial court abused its discretion in refusing to grant sanctions against plaintiffs under Tenn. R. Civ. P. 11, which provides:

> By presenting to the court . . . a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, –
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denial of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Tenn. R. Civ. P. 11.02. The rule further provides for sanctions for its violation under certain circumstances:

> If, after notice and a reasonable opportunity to respond, the court determines that subdivision 11.02 has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the . . . parties that have violated subdivision 11.02 or are responsible for the violation.

> \* \* \*

> If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion.

Tenn. R. Civ. P. 11.03.

The trial court declined to impose sanctions on plaintiffs, stating that "the *pro se* plaintiffs did not file the present lawsuit for the purpose of harassing, causing unnecessary delay, or needlessly increasing the costs of litigation." We review this decision under the abuse of discretion standard. *Boyd v. Prime Focus, Inc.*, 83 S.W.3d 761, 765 (Tenn. Ct. App. 2001). We do not find that the trial court abused its discretion by not sanctioning plaintiffs under the circumstances.

We do, however, agree with the Bank that this appeal is frivolous. We are mindful that plaintiffs have proceeded pro se in this action. In *Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003), faced with a similar situation, we said:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396

12

(Tenn. Ct. App. 1997). The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n. 4 (Tenn. Ct. App. 1995).

*Young* also involved an appeal of a pro se action dismissed on res judicata grounds, which we held to be frivolous, stating:

We have determined that [defendants] are entitled to damages for a frivolous appeal because [plaintiff] apparently filed this appeal for the purpose of re-litigating claims that had already been finally resolved.

Parties should not be forced to bear the cost and vexation of baseless appeals. . . . Accordingly, in 1975, the Tennessee General Assembly enacted Tenn. Code Ann. § 27–1–122 to enable appellate courts to award damages against parties whose appeals are frivolous or are brought solely for the purpose of delay. Determining whether to award these damages is a discretionary decision. *Banks v. St. Francis Hosp.*, 697 S.W.2d 340, 343 (Tenn. 1985).

A frivolous appeal is one that is devoid of merit, *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978), or one that has no reasonable chance of succeeding. *Davis v. Gulf Ins. Group*, 546 S.W.2d at 586; *Jackson v. Aldridge*, 6 S.W.3d at 504; *Industrial Dev. Bd. v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995). . . .

[Plaintiff's] appeal, although it was nominally an appeal from a subsequent lawsuit, raised issues against [defendant] solely related to a[n] original trial that had concluded over four months prior to his notice of appeal. . . . [Plaintiff] did no

13

more than re-state his allegation to this court. He failed to create any possibility that he would prevail in this court. Accordingly, this appeal is frivolous, and [defendants] are entitled to the costs they incurred in defending against it.

*Young*, 130 S.W.3d at 66-67. We reach the same conclusion here. The principles of law discussed herein are unambiguous and well-established. Under them, this appeal had no reasonable chance of succeeding. We find it frivolous, and remand to the trial court for an award of reasonable fees and costs incurred by the Bank in defending it.

## V.

The judgment of the trial court is affirmed. Costs on appeal are assessed to the appellants, Greer Craig and Lana Kaye Craig. The case is remanded for proceedings consistent with this opinion, and collection of costs assessed below.

_____
CHARLES D. SUSANO, JR., JUDGE

14