IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 26, 2024 Session

## DOMINION REAL ESTATE, LLC v. THE WISE GROUP, INC. ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 22C527  Lynne T. Ingram, Judge**
_____

**No. M2023-00242-COA-R3-CV**
_____

Appellee Dominion Real Estate, LLC ("Dominion") filed a malicious prosecution action against the Wise Group, Inc. (the "Wise Group"), the Lux Development Group, LLC (the "Lux Group") (together with the Wise Group, "Wise and Lux"), and Alan Wise (together with Wise and Lux, "the Wise Defendants" or "Appellants").  The trial court dismissed Dominion's case, and Dominion appealed.[1]  In their brief, the Wise Defendants asked this Court to award frivolous appeal damages.  Dominion subsequently moved to dismiss the appeal.  Although this Court granted the motion to dismiss, it reserved the issue of frivolous appeal damages, which is the sole issue addressed herein.  Because Dominion's appeal had no reasonable chance of success, it was frivolous, and the Wise Defendants are entitled to damages.  Accordingly, we grant the Wise Defendants' motion and remand the case for calculation of the Wise Defendants' reasonable attorney's fees and expenses incurred in defending this appeal and for entry of judgment on same.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment Entered in Favor of Appellants on Ancillary Matters; Case Remanded with Instructions**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and JOHN W. MCCLARTY, J., joined.

Paul J. Krog and Nicholas D. Bulso, Brentwood, Tennessee, for the appellants, the Wise Group, Inc., the Lux Development Group, LLC, and Alan Richard Wise.

James D.R. Roberts, Jr., Dickson, Tennessee, for the appellee, Dominion Real Estate, LLC.

---

[1] As discussed below, although Dominion filed the appeal, because the sole issue before the Court is the Wise Defendants' frivolous appeal issue, the Wise Defendants are treated as the appellants in the remaining issue on appeal, despite Dominion initially filing the appeal.

**OPINION**

**I. Background**

On March 17, 2022, in the Davidson County Circuit Court ("trial court"), Dominion filed a complaint against the Wise Defendants. Dominion's complaint, which was predicated on Wise and Lux's 2019 Chancery Court lawsuit that named Dominion as one of several defendants,[2] alleged malicious prosecution, civil conspiracy, and prayed to pierce the corporate veil.

On April 20, 2022, the Wise Defendants filed motions to dismiss Dominion's complaint on the grounds of insufficient service of process and failure to state a claim. Appellants requested an award of reasonable costs and attorney's fees under Tennessee Code Annotated section 20-12-119(c), discussed further *infra*.

On May 6, 2022, the trial court heard the motions to dismiss and orally dismissed the complaint. On May 10, 2022, the Wise Defendants lodged a proposed order dismissing the complaint. Also, on May 10, 2022, the Wise Defendants filed an application for attorney's fees. Therein, they alleged that a written order on the motions to dismiss was forthcoming and requested that the trial court: (1) grant their application for attorney's fees; (2) reserve a decision concerning the amount of attorney's fees and expenses; and (3) certify its order as final under Tennessee Rule of Civil Procedure Rule 54.02. On May 17, 2022, the trial court entered the order of dismissal, discussed *infra*. On June 2, 2022, the trial court held a hearing, but it took no action on the Wise Defendants' application for attorney's fees.[3]

On June 15, 2022, Dominion filed a notice of appeal (the "first appeal"),[4] listing the May 17, 2022 order of dismissal as the order appealed. On September 27, 2022, the record was filed with this Court. On October 31, 2022, this Court entered an administrative order requiring Dominion to file its brief within ten days. Dominion did not file a brief, and this Court entered an order dismissing the first appeal on November 22, 2022.

On December 16, 2022, the Wise Defendants renewed their requests for attorney's fees, asking for an award of $10,000.00 under Tennessee Code Annotated section 20-12-119(c)(4). The hearing on this request was set for January 6, 2023. On January 2, 2023, Dominion filed a response stating that the request for attorney's fees was sent to its counsel's "spam" email folder. Dominion requested a continuance, and the hearing was

---

[2] This suit is discussed in detail in the companion case, ***Wise v. Holland***, No. M2023-00366-COA-R3-CV. Dominion was dismissed from that lawsuit on a motion for summary judgment that this Court affirmed in ***Wise Group, Inc. v. Holland***, No. M2020-01646-COA-R3-CV, 2023 WL 2726974 (Tenn. Ct. App. Mar. 31, 2023).

[3] The appellate record does not include a transcript of this hearing.

[4] The first appeal was under cause number M2022-00805-COA-R3-CV.

re-set for January 13, 2023. On January 9, 2023, Dominion filed a notice of intent to amend its response to the request for attorney's fees. The notice alleged that counsel would file an amended response on January 10, 2023. Dominion failed to file an amended response on January 10, 2023.

On January 13, 2023, the trial court heard the Wise Defendants' request for attorney's fees. Three days after the hearing, Dominion filed a supplemental response to the Wise Defendants' application. On January 18, 2023, the Wise Defendants filed a motion to strike Dominion's supplemental response. On January 23, 2023, the trial court entered an order granting the Wise Defendants' application for attorney's fees and denying their motion to strike Dominion's supplemental response. The trial court awarded the Wise Defendants $10,000.00 for reasonable and necessary attorney's fees under Tennessee Code Annotated section 20-12-119(c), discussed *infra*.

On February 21, 2023, Dominion timely appealed the trial court's order on attorney's fees. Thereafter, Dominion petitioned this Court for multiple extensions of time to file its initial appellate brief, which it filed on October 9, 2023. This Court allowed Dominion to amend/modify its brief to correct its prayer for relief. Dominion filed an amended brief on November 10, 2023. On November 14, 2023, the Wise Defendants filed a responsive brief. Relevant here, the Wise Defendants raised the issue of whether Dominion's appeal was frivolous such that this Court should award them reasonable attorney's fees and expenses under Tennessee Code Annotated section 27-1-122, discussed *infra*. Thereafter, Dominion again asked for multiple extensions to file a reply brief. By order of December 20, 2023, Dominion was ordered to file its reply brief by December 26, 2023. On December 22, 2023, Dominion filed a motion for voluntary dismissal of the appeal. On December 26, 2023, Appellants filed a response to the motion, giving notice of their intent to pursue the frivolous appeal issue.[5]

On January 3, 2024, this Court entered an order dismissing Dominion's appeal. The order held that the appeal "shall proceed solely as to the frivolous appeal issue raised by the Wise Defendants." The order also provided that "[t]he Wise Defendants shall be considered the appellants for the purposes of oral argument."

On January 24, 2024, Dominion filed a reply brief in response to the Wise Defendants' argument that Dominion's appeal was frivolous. On January 29, 2024, Dominion filed a motion to consider post-judgment facts, asking this Court to take judicial notice of the fact that Dominion was administratively dissolved by the Tennessee Secretary of State on August 8, 2023. On February 7, 2024, the Wise Defendants filed their opposition to the motion, wherein they argue that Dominion's dissolution is irrelevant to

---

[5] Tennessee Rule of Appellate Procedure 15 provides: "Any party wanting to litigate appellate issues despite dismissal of the original appeal must provide notice of such intent in a response to the motion to dismiss." Tenn. R. App. P. 15(a).

the issue before the Court.

## II. Issue

The sole issue is whether Dominion's appeal was frivolous such that this Court should exercise its discretion, under Tennessee Code Annotated section 27-1-122, to grant the Wise Defendants an award of attorney's fees and costs incurred in this appeal.

## III. Analysis

Under Tennessee Code Annotated section 27-1-122,

> [w]hen it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122. Whether this Court awards damages for a frivolous appeal lies solely within our discretion. *Young v. Barrow*, 130 S.W.3d 59, 66-67 (Tenn. Ct. App. 2003). Although we exercise this discretion "'sparingly so as not to discourage legitimate appeals,'" *Eberbach v. Eberbach*, 535 S.W.3d 467, 475 (Tenn. 2017) (quoting *Whalum v. Marshall*, 224 S.W.3d 169, 181 (Tenn. Ct. App. 2006)), "'[s]uccessful litigants should not have to bear the expense and vexation of groundless appeals.'" *Whalum*, 224 S.W.3d at 181 (quoting *Davis v. Gulf Ins. Group*, 546 S.W.2d 583, 586 (Tenn. 1977)). This Court has concluded that an appeal is frivolous "when it has 'no reasonable chance of success,' or is 'so utterly devoid of merit as to justify the imposition of a penalty.'" *Whalum*, 224 S.W.3d at 181 (internal citations omitted). To determine whether Dominion's appeal was frivolous, we turn to review the proceedings in the trial court as well as Dominion's initial brief to this Court.

As discussed above, on May 6, 2022, the trial court heard the motions to dismiss and orally dismissed the complaint. On May 10, 2022, the Wise Defendants lodged a proposed order dismissing the complaint and also filed an application for attorney's fees under Tennessee Code Annotated section 20-12-119, discussed *infra*. On May 17, 2022, the trial court entered an order granting the Wise Defendants' motions to dismiss. Therein, the trial court first recounted the Wise Defendants' arguments that the complaint should be dismissed under Tennessee Rule of Civil Procedure 12.02(2) (lack of jurisdiction over the person) and 12.02(5) (insufficiency of service of process). *See* Tenn. R. Civ. P. 12.02. Specifically, the Wise Defendants argued that Dominion's service of process on Mr. Wise, individually and as the corporate representative for Wise and Lux, was null and void. The trial court agreed when it concluded that Tennessee Code Annotated section 24-2-105

- 4 -

rendered Dominion's service of process on Mr. Wise "void and insufficient to give the [trial court] jurisdiction over [the Wise Defendants]."[6]

The trial court then recounted the Wise Defendants' second argument, *i.e.*, that Dominion's complaint failed to state a claim upon which relief could be granted. Although not specifically cited in the order, motions to dismiss based on failure to state a claim fall under Tennessee Rule of Civil Procedure 12.02(6). The basis for the Wise Defendants' second argument was that the one-year statute of limitations for Dominion's malicious prosecution claim had run. *See* Tenn. Code Ann. § 28-3-104(a)(1)(A); *see also **Young ex rel. Young v. Kennedy***, 429 S.W.3d 536, 546 (Tenn. Ct. App. 2013) (internal citations omitted) ("[C]ourts of this State have consistently referred to a motion to dismiss based on the expiration of the statute of limitations as being a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12.02(6)."). The trial court agreed and further concluded that, because Dominion's civil conspiracy and piercing the corporate veil claims were dependent on the malicious prosecution claim, they likewise failed. Thus, the trial court also granted the Wise Defendants' motions to dismiss on the ground of failure to state a claim, *i.e.,* under Rule 12.02(6). It is well-settled that, unless the trial court specifies otherwise in its order, "an order granting a motion to dismiss for failure to state a claim . . . is an adjudication on the merits." ***Creech v. Addington***, 281 S.W.3d 363, 378 (Tenn. 2009) (citing ***Boyd v. Prime Focus, Inc.***, 83 S.W.3d 761, 766 (Tenn. Ct. App. 2001), *perm. to app. denied* (Tenn. 2002)). Thus, the trial court's May 17, 2022 order dismissing Dominion's complaint was a final judgment. *See **Ball v. McDowell***, 288 S.W.3d 833, 836-37 (Tenn. 2009) (explaining that a final judgment resolves all of the parties' claims and leaves the court with nothing to adjudicate).

On June 15, 2022, Dominion filed the first appeal, listing the May 17, 2022 order as the order appealed. As discussed above, on November 22, 2022, this Court dismissed the first appeal due to Dominion's failure to file a brief. Dominion did not challenge the dismissal or otherwise appeal our decision. With the dismissal of Dominion's first appeal, the appellate process concerning the trial court's May 17, 2022 order was exhausted.

On December 16, 2022, the Wise Defendants renewed their requests for attorney's fees. As noted above, the Wise Defendants relied on Tennessee Code Annotated section 20-12-119. That statute provides that, when a trial court grants a party's motion to dismiss for failure to state a claim, the court is *required* to award such party their reasonable attorney's fees incurred as a consequence of the dismissed claims. Tenn. Code Ann. § 20-

---

[6] Tennessee Code Annotated section 24-2-105 provides:

> During the attendance of any person summoned as a witness . . . no writ, process, warrant, order, judgment, or decree in any civil cause, subpoena to testify as a witness only excepted, shall be served upon such person.

Tenn. Code Ann. § 24-2-105.

12-119(c)(1). The court shall make the award of attorney's fees "*only after all appeals*" of the issue concerning the motion to dismiss "have been exhausted and if the final outcome is the granting of the motion to dismiss." Tenn. Code Ann. § 20-12-119(c)(3) (emphasis added). Under the statute, during the pendency of any appeal concerning the motion to dismiss, the award of costs and attorney's fees is *stayed*. Tenn. Code Ann. § 20-12-119(c)(3).

The hearing on the Wise Defendants' application for attorney's fees was set for January 6, 2023. As discussed above, the hearing was re-set at Dominion's request. Also discussed, *supra*, Dominion failed to file a response to the Wise Defendants' application for attorney's fees before the hearing, despite Dominion's assertions that it would do so.

The record shows that the trial court conducted a hearing on the Wise Defendants' application for attorney's fees on January 13, 2023. On January 23, 2023, the trial court entered an order on the application for attorney's fees. The trial court granted the Wise Defendants' request for attorney's fees and held that: (1) the order dismissing the complaint did so, in part, under 12.02(6); (2) Tennessee Code Annotated section 20-12-119(c) applied, and the trial court was required to award costs and attorney's fees; and (3) the statute limited the fees and costs to $10,000.00.[7] The trial court found that the Wise Defendants incurred $19,807.50 in reasonable fees and expenses. Accordingly, the trial court awarded the Wise Defendants the statutory maximum of $10,000.00.

On February 21, 2023, Dominion timely appealed the trial court's order on attorney's fees. Dominion listed five issues for this Court's review in its initial brief, to-wit:

1. Was the [trial court's] May 17, 2022, Order a Final Order?
2. Did the dismissal under Tennessee Code Annotated § 24-2-105 preclude an award under § 20-12-119(c)?
3. Did the [trial court] err in awarding Attorney's fees prior to the exhausting of an appeal pursuant to Tennessee Code Annotated § 20-12-119(c)(3)?
4. Did the [trial court] err in awarding Attorney's fees without conducting a hearing?
5. If applicable, did the [trial court] err in dismissing Appellant's Complaint under Rule 12.02(6)?

We now briefly review the issues Dominion raised to determine whether any have merit.

Concerning the first issue, as discussed above, the trial court's May 17, 2022 was a final order; Dominion agreed with this conclusion in its initial appellate brief. Accordingly,

---

[7] Tennessee Code Annotated section 20-12-119(c)(4) provides that a court "shall not require a party to pay costs . . . in excess of a combined total of ten thousand dollars ($10,000) in any single lawsuit." Tenn. Code Ann. § 20-12-119(c)(4).

if Dominion desired this Court to review the May 17, 2022 order and the trial court's grant of the Wise Defendants' motions to dismiss, it was imperative for Dominion to make a timely appeal to this Court. Although Dominion filed a timely appeal on June 15, 2022, it failed to file an appellate brief, which resulted in this Court's dismissal of the appeal. With the dismissal, Dominion lost the right to challenge the trial court's May 17, 2022 order. Accordingly, this Court lost jurisdiction over Dominion's fifth issue, *i.e.,* whether the trial court erred when it dismissed Dominion's complaint. *See* Tenn. R. App. P. 4 ("In an appeal as of right to the . . . Court of Appeals . . ., the notice of appeal required by Rule *3 shall be filed* with the clerk of the appellate court *within 30 days after the date of entry of the judgment appealed from*[.]") (emphases added); *see also* **Albert v. Frye**, 145 S.W.3d 526, 528 (Tenn. 2004) ("The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases."); Tenn. R. App. P. 13(b) ("The appellate court shall also consider whether the trial and appellate court have jurisdiction over the subject matter[.]"). Indeed, the only order this Court could have addressed in Dominion's second appeal is the trial court's January 23, 2023 order awarding the Wise Defendants reasonable attorney's fees.

As to Dominion's second issue, which questioned whether the trial court's dismissal for lack of service of process precluded an award of attorney's fees under Tennessee Code Annotated section 20-12-119(c), we first note that Dominion's briefing on this issue is deficient in that it consists of one paragraph that fails to provide any substantive law to support the argument. The Tennessee Supreme Court has stated that "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and *where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument*, the issue is waived." **Sneed v. Bd. of Prof'l Responsibility of Sup. Ct**., 301 S.W.3d 603, 615 (Tenn. 2010) (emphasis added); *see also* **Forbess v. Forbess**, 370 S.W.3d 347, 355 (Tenn. Ct. App. 2011) ("This [C]ourt has repeatedly held that a party's failure to cite authority for its arguments or to argue the issues in the body of its brief constitute a waiver on appeal.").

Deficient briefing aside, as we previously discussed, the trial court dismissed Dominion's complaint under Tennessee Rule of Civil Procedure 12.02(2) (lack of jurisdiction over the person), (5) (insufficiency of service of process), *and* (6) (failure to state a claim). As noted above, when a court grants a party's motion to dismiss for failure to state a claim under Rule 12.02(6), the court is *required* to award the party their reasonable attorney's fees. Tenn. Code Ann. § 20-12-119(c)(1). Accordingly, Dominion's second issue was without merit regardless of whether this Court elected to review the issue in spite of Dominion's deficient briefing.

Dominion's third issue questioned whether the trial court erred in awarding the Wise Defendants their attorney's fees "prior to the exhausting of an appeal" under Tennessee Code Annotated section 20-12-119(c)(3). As discussed, *supra*, this Court dismissed Dominion's first appeal involving the trial court's dismissal of Dominion's complaint.

Dominion did not challenge the dismissal of the appeal; thus, our dismissal of the appeal ended the appellate process as to the trial court's order dismissing Dominion's complaint. Accordingly, when the trial court awarded the Wise Defendants attorney's fees by order of January 23, 2023, it did so after the appeal concerning the motions to dismiss was exhausted. This is consistent with the procedure outlined in the statute. *See* Tenn. Code Ann. § 20-12-119(c)(3) ("An award of costs pursuant to this subsection (c) shall be made only after all appeals of the issue of the granting of the motion to dismiss have been exhausted and if the final outcome is the granting of the motion to dismiss. The award of costs and attorneys' fees pursuant to this section shall be stayed until a final decision which is not subject to appeal is rendered."). As such, this issue was also without merit.

Dominion's final issue questioned whether the trial court erred in awarding attorney's fees without conducting a hearing. As discussed above, when the Wise Defendants renewed their requests for attorney's fees, they set the matter for a hearing on January 6, 2023. At Dominion's request, the hearing was re-set for January 13, 2023, and, contrary to Dominion's claim, the record shows that the trial court held the hearing on the application for attorney's fees that day. Accordingly, Dominion's fourth issue was without merit.

For completeness, we note that, in the argument section of its initial brief, Dominion contends that, in evaluating whether the Wise Defendants' attorney's fees were reasonable, the trial court failed to consider the appropriate factors and failed to make specific findings of facts and conclusions of law concerning same. Notably, Dominion failed to list this issue in its statement of the issues for this Court's review. The contents of appellate briefs are governed by Rule 27 of the Tennessee Rules of Appellate Procedure. Under the rule, the appellant's initial brief shall contain "[a] statement of the issues presented for review . . . ." Tenn. R. App. P. 27(a)(4). The statement of the issues is vitally important to the appeal as it provides this Court with the questions that we are asked to answer on review. The statement of the issues is also significant because our "[a]ppellate review is generally limited" to those issues listed in it. *Hodge v. Craig*, 382 S.W.3d 325, 334 (Tenn. 2012) (citing Tenn. R. App. P. 13(b)). "Courts have consistently held that . . . [a]n issue not included [in the statement of the issues] is not properly before the Court of Appeals." *Hawkins v. Hart*, 86 S.W.3d 522, 531 (Tenn. Ct. App. 2001). Whether the trial court considered the appropriate factors is a separate question from whether the trial court held a hearing on the Wise Defendants' application for attorney's fees. Because Dominion failed to include the former as an issue in its statement of the issues, the issue was waived and of no merit. For the reasons discussed above, we conclude that Dominion's appeal was frivolous because it had no reasonable chance of success as each of the issues raised was either utterly devoid of merit, waived, or both meritless and waived. *See Whalum*, 224 S.W.3d at 181.

From the appellate procedural history, it is also likely that the appeal was taken solely for delay. As outlined above, although Dominion timely appealed the trial court's

order on attorney's fees on February 21, 2023, it did not file its initial appellate brief until October 9, 2023.  After the Wise Defendants filed their appellate brief on November 14, 2023, Dominion moved for voluntary dismissal of the appeal.  After the Wise Defendants filed a response to the motion giving notice of their intent to pursue the frivolous appeal issue, Dominion filed a motion to consider post-judgment facts and asked this Court to take judicial notice of its administrative dissolution.  In its January 24, 2024 reply brief, Dominion argued "that [Dominion's] dissolution by the Tennessee Secretary of State renders this appeal moot."  It is curious that Dominion filed its initial appellate brief on October 9, 2023—two months *after* it was administratively dissolved.  In short, Dominion continued to pursue its appeal after the dissolution, yet it now argues such dissolution rendered the appeal moot.  This tactic not only left the Wise Defendants in a state of uncertainty for ten months, but it cost them time and resources in responding to Dominion's appeal only to have Dominion request voluntary dismissal of the appeal one month after the Wise Defendants filed their responsive brief.  Furthermore, after the Wise Defendants stated their intent to pursue frivolous appeal damages, Dominion now rather disingenuously argues that this Court cannot provide the Wise Defendants relief because Dominion has been administratively dissolved.  Although we make no ruling that a party's voluntary dismissal of an appeal implies, *ipso facto*, that the appeal was taken solely for delay, under the circumstances, it appears that Dominion's actions have been largely executed for gamesmanship against Appellants and not for this Court's meritorious review of the issues.  Regardless, because Dominion's appeal is devoid of merit, we exercise our discretion to grant Appellants' motion for frivolous appeal damages.  We remand this case to the trial court for determination of the Wise Defendants' reasonable attorney's fees and expenses incurred in defending this appeal and for entry of judgment on same.  Dominion's motion to consider post-judgment facts is denied.[8]

## IV.  Conclusion

For the foregoing reasons, we grant the Wise Defendants' motion for frivolous appeal damages.  The case is remanded for such further proceedings as are necessary and consistent with this opinion, including determination of the Wise Defendants' reasonable

---

[8] We note that, under Tennessee Code Annotated section 48-249-608(b)(2):

> Upon [the] filing [of the articles of termination], the existence of the LLC shall cease, **except that the termination of LLC existence shall not take away or impair any remedy to or against the LLC or its members, directors, managers or officers for any right or claim existing or any liability incurred, prior to such termination**. Any such action or proceeding by or against the LLC may be prosecuted or defended by the LLC in its LLC name. The members, directors, managers or officers shall have the power to take such LLC or other action, as may be appropriate, to protect such remedy, right or claim.

Tenn. Code Ann. § 48-249-608(b)(2) (emphasis added).  The foregoing statute provides that the Wise Defendants' claim for frivolous appeal against Dominion shall not be impaired or taken away as a result of the dissolution because the liability was incurred prior to Dominion's dissolution.

attorney's fees and expenses incurred in defending this appeal and for entry of judgment on same.  Costs of the appeal are assessed to the Appellee, Dominion Real Estate, LLC, for all of which execution may issue if necessary.


    s/ Kenny Armstrong
KENNY ARMSTRONG, JUDGE